**NASH, Appellee,**

**v.**

**KAISER FOUNDATION HEALTH PLAN OF OHIO, Appellant.**

[Cite as *Nash v. Kaiser Found. Health Plan of Ohio* (1991), 76 Ohio App.3d 233.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61597.

Decided Nov. 21, 1991.

*Nicholas M. DeVito & Assoc.* and *Nicholas M. DeVito,* for appellee.

*Beverly A. Harris* and *William A. Meadows,* for appellant.

*Per Curiam.*

Defendant-appellant Kaiser Foundation Health Plan of Ohio filed this appeal pursuant to the trial court's granting of the motion for prejudgment interest of plaintiff-appellee Carl Nash.

Appellant's Assignment of Error:

"The trial court abused its discretion in awarding prejudgment interest when plaintiff failed to demonstrate that he acted in good faith and that the defendant-appellant lacked good faith."

Prejudgment interest is provided for in R.C. 1343.03(C), which reads as follows:

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Appellant contends that the appellee did not meet his burden of proof under *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572. In the syllabus, the Supreme Court set forth the following standard for determining when to award prejudgment interest:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer."

The court went on to hold:

"The decision as to whether a party's settlement efforts indicate good faith is generally within the sound discretion of the trial court. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83 [19 OBR 123, 482 N.E.2d 1248]. This court will not overturn a finding on this issue unless the trial court's actions indicate an abuse of discretion." *Id.* at 159, 25 OBR at 203, 495 N.E.2d at 574.

The standard for abuse of discretion was set forth in *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 19 OBR 123, 482 N.E.2d 1248, as the

court discussed prejudgment interest. The court stated at 87, 19 OBR at 126–127, 482 N.E.2d at 1251–1252:

"We now turn to the issue concerning the correctness of the award of prejudgment interest. We first note that such awards are within the sound discretion of the trial court. *Cincinnati Ins. Co. v. First Natl. Bank* (1980), 63 Ohio St.2d 220, 226 [17 O.O.3d 136, 139, 407 N.E.2d 519, 523]. We have repeatedly held that '[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner v. Custer* (1940), 137 Ohio St. 448 [19 O.O. 148, 31 N.E.2d 855]; *Conner v. Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480, 162 N.E.2d 852]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [2 O.O.3d 484, 358 N.E.2d 610].' *State v. Adams* (1980), 62 Ohio St.2d 151, 157–158 [16 O.O.3d 169, 172–173, 404 N.E.2d 144, 148–149]; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219 [5 OBR 481, 482, 450 N.E.2d 1140, 1141].

" ' "[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * *" ' *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222 [15 OBR 311, 361, 473 N.E.2d 264, 313]."

In the case *sub judice,* the trial court properly held a hearing on the motion for prejudgment interest, and both parties were afforded an opportunity to present evidence. The trial judge was aware that a mistrial was declared during the first trial as a result of comments made by appellee. Although it is curious that prejudgment interest is to be awarded for a period of delay caused by appellee, the statute clearly states the interest shall be computed from the date the cause of action accrues to the date on which the money is paid. R.C. 1343.03(C). There is no provision for awarding prejudgment interest piecemeal. After a review of the hearing transcript, we cannot find that the court's attitude was unreasonable, arbitrary or unconscionable. We find no abuse of discretion.

Appellant's assignment of error is not well taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY and JACKSON, JJ., concur.

KRUPANSKY, C.J., dissents.

JAMES W. JACKSON, J., of the Lake County Court of Common Pleas, sitting by assignment.

KRUPANSKY, Chief Justice, dissenting.

I respectfully dissent from the foregoing opinion for the reason that in the case *sub judice* the trial court abused its discretion in awarding prejudgment interest to plaintiff.

The opinion properly notes the following with regard to the trial court's decision regarding an award of prejudgment interest:

" ' "[T]the term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *

" ' " '[A]n abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. * * * * ' " ' " (Citations omitted.) *Huffman v. Hair Surgeon, Inc., supra,* at 87, 19 OBR at 126–127, 482 N.E.2d at 1252.

It is proper for the reviewing court to review the facts of the case and the testimony of counsel at the hearing. *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202, 495 N.E.2d 572, 573. A review of the facts in the case *sub judice* shows a result "palpably violative of fact and logic."

The relevant facts follow:

Plaintiff's decedent Thomas English went to defendant complaining of chest pain. He was treated by defendant's doctor for esophagitis or costochondritis and released. Several hours later, English went to the emergency room of a hospital, where he subsequently died of a heart attack. Plaintiff, the administrator of English's estate, filed an action against defendant hospital in the Cuyahoga County Court of Common Pleas, alleging negligence.

The case first went to trial in 1989. Proceedings were prolonged due to plaintiff's failure to provide defendant with the names of two witnesses he intended to call at trial. Then, a mistrial was declared when plaintiff introduced into evidence the verdict in another case after the trial court had ruled such evidence inadmissible.

A new trial was not commenced until 1991. Prior to the second trial, plaintiff's "offer to settle" consisted of a demand for $150,000. After the jury heard all the evidence, they returned a verdict for plaintiff in the amount of only $10,000. The trial court awarded prejudgment interest on this verdict from the date of the filing of the original complaint.

In order to prevail on a motion for prejudgment interest the moving party must show that it did not fail to make a good faith effort to settle the case and the party required to pay the interest failed to make a good faith effort to settle the case. *Kalain v. Smith, supra.* The majority opinion mentions the test of *Kalain v. Smith, supra,* but fails to apply it to the facts of the case *sub judice:*

"A party has *not* 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. *If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.*" (Emphasis added.) *Kalain, supra,* syllabus.

Plaintiff herein has not shown his own good faith, and has not demonstrated defendant's bad faith. Rather, the evidence shows the opposite; therefore, the trial court abused its discretion in awarding prejudgment interest to plaintiff.

The delays in proceedings in the case *sub judice* were deliberately caused by the plaintiff, *viz.,* (1) in refusing to cooperate fully in discovery prior to the commencement of the first trial, and (2) in causing a mistrial by ignoring a court ruling on admissibility of evidence. It is therefore patently unfair for the trial court to award prejudgment interest from the date of the filing of the first action. Moreover, the record reveals plaintiff neither made a good faith offer to settle nor made a rational evaluation of his case, since his demands started at $150,000 and were never lower than $30,000 and the jury returned a verdict of only $10,000.

Furthermore, a review of the record reveals defendant rationally evaluated its potential liability several times throughout the course of litigation, and made its decision not to make an offer to settle based upon those evaluations. As this court has stated in *Egerson v. Cleveland Elec. Illum. Co.* (1985), 28 Ohio App.3d 24, 27, 28 OBR 34, 36, 501 N.E.2d 1211, 1216:

"[I]f a party has a good faith belief that it has no liability, it is not required to make some offer of settlement to avoid payment of prejudgment interest."

The defendant should not have to bid against itself merely because plaintiff came to it with outlandish figures. *Egerson, supra,* at 26, 28 OBR at 35, 501 N.E.2d at 1214.

Therefore, based upon the law as applied to the facts of the case *sub judice,* the trial court committed an abuse of discretion. Accordingly, I would reverse the judgment of the trial court awarding prejudgment interest to plaintiff.