CENTRAL TRUST COMPANY, N.A., Gdn., Appellee and Cross–Appellant,

v.

WARBURG et al., Appellants and Cross–Appellees.

[Cite as *Cent. Trust Co., N.A. v. Warburg* (1995), 104 Ohio App.3d 186.]

Court of Appeals of Ohio,
First District, Hamilton County.

C–940022, C–940039.

Decided May 31, 1995.

*William H. Blessing* and *Vincent A. Salinas,* for appellee and cross-appellant.

*Thomas J. Leksan,* for appellants and cross-appellees.

---

DOAN, Presiding Judge.

On December 8, 1988, the Central·Trust Company, plaintiff-appellee and cross-appellant ("Central Trust"), filed a complaint against Dolores and Franklin Warburg, defendant-appellants and cross-appellees ("the Warburgs"), for breach of fiduciary duty, fraudulent concealment and conversion. At the conclusion of the trial, the jury returned a general verdict jointly and severally against defendants in the amount of $235,000 in compensatory damages, and $1 in punitive damages. The trial court entered final judgment on March 8, 1993, and stated that the damages would be supplemented by an award of reasonable attorney fees and were further subject to the court's decision on plaintiff's motion for prejudgment interest. The Warburgs appealed the final judgment prior to the trial court's ruling on attorney fees and prejudgment interest. This court affirmed the decision of the trial court on the merits of the case on August 17, 1994. See *Cent. Trust Co., N.A. v. Warburg* (Aug. 17, 1994), Hamilton App. No. C–930218, unreported, 1994 WL 442116.

On November 24, 1993, the trial court entered its decision on the award of attorney fees and prejudgment interest. The court awarded prejudgment interest accruing from the date of the first conversion of funds (May 25, 1984), and attorney fees equaling the contingent-fee contract amount of twenty percent of the compensatory damages and twenty percent of prejudgment interest and statutory interest if any accrued, plus costs of $23,617.74. The Warburgs appealed the award of prejudgment interest on December 13, 1993, and Central Trust raised a cross-appeal on January 10, 1994, regarding the amount of attorney fees awarded. We will consider the appeal first.

The Warburgs challenge the award of prejudgment interest on two bases. The Warburgs claim that the court abused its discretion in awarding prejudgment interest (their second assignment of error), and alternatively that the court erred in establishing May 25, 1984, as the date from which the interest was to accrue on the entire amount of compensatory damages (their first assignment of error). Because both assignments of error involve the proper application of prejudgment interest, we will consider them together in the following discussion.

The trial court awarded prejudgment interest pursuant to R.C. 1343.03(C), which reads: "Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

The Warburgs do not dispute that Central Trust extended a settlement offer on November 28, 1990, which remained in effect until trial. The Warburgs admit that they did not respond to the offer, nor did they attempt to negotiate a settlement in good faith at any point in the litigation. Rather, the Warburgs argue that because they held an objectively reasonable belief that they had no liability to Central Trust, they were not obligated to enter into settlement discussions. Thus, the Warburgs conclude, the trial court erred in awarding prejudgment interest to Central Trust.

It is true that a defendant who holds an objectively reasonable belief that he is not liable is not obligated to consider a settlement offer by the plaintiff, and such failure to negotiate a settlement will not constitute a lack of good faith within the meaning of R.C. 1343.03(C). *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 159, 25 OBR 201, 202–203, 495 N.E.2d 572, 574. However, the Warburgs could not have held an objectively reasonable belief of no liability in this case. Central Trust provided overwhelming evidence of the Warburgs' conversion of

funds from Leonard Bonomini's estate. Furthermore, the record shows that Central Trust repeatedly had to obtain court orders to compel cooperation with the discovery process from the Warburgs. A finding of lack of good faith within the meaning of R.C. 1343.03(C) can also be based on a party's unwillingness to cooperate in discovery. *Id.* at 159, 25 OBR at 202–203, 495 N.E.2d at 574. Finally, the award of prejudgment interest is within the sound discretion of the trial court. *Cincinnati Ins. Co. v. First Natl. Bank* (1980), 63 Ohio St.2d 220, 226, 17 O.O.3d 136, 139–140, 407 N.E.2d 519, 523; *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126–127, 482 N.E.2d 1248, 1251. In view of the evidence in the record and the discretion reposed in the trial court in this matter, we hold that the trial court did not abuse its discretion when it awarded prejudgment interest to Central Trust.

■ The Warburgs' alternative argument is that the interest should not accrue on the entire judgment amount from the date of the first act of conversion. According to the Warburgs' interpretation of R.C. 1343.03(C), interest can only accrue from the date of the first act of conversion on the sum that was converted at that time. If conversion took place over a period of years through a series of financial transactions, then interest would accrue on the sum converted by each separate transaction, and not on the entire amount converted.

This interpretation ignores the plain meaning of the statutory language in R.C. 1343.03(C). The statute prescribes that the interest on a judgment will accrue from the date that the cause of action accrues. The judgment in this case was for $235,000, and the cause of action under which this case arose accrued from the date of the first act of conversion, May 25, 1984. These are the relevant dates, and the trial court did not commit an abuse of discretion in applying them.

The Warburgs' first and second assignments of error are overruled.

■ On cross-appeal, Central Trust argues that the trial court erred as a matter of law in its determination of attorney fees. Specifically, Central Trust argues that the trial court erred by not using the guidelines for fee determination established by the Ohio Supreme Court in *Villella v. Waikem Motors, Inc.* (1989), 45 Ohio St.3d 36, 41, 543 N.E.2d 464, 469–470, when it used the contingent-fee arrangement between Central Trust and its client as a basis for the determination of reasonable attorney fees.

■ The trial court's determination of the appropriate amount of an award of attorney fees should not be reversed on appeal absent a showing that the court abused its discretion. *Bittner v. Tri–County Toyota, Inc.* (1991), 58 Ohio St.3d 143, 569 N.E.2d 464. We cannot say that the trial court abused its discretion when it awarded attorney fees consistent with the contingent-fee agreement in place between Central Trust and its counsel. Contingent-fee agreements serve

an important function in our society in that they increase the public's access to legal services. Contingent-fee arrangements between lawyers and clients therefore should not be taken lightly or disregarded. Accordingly, it was not an abuse of discretion for the trial court to consider the contingent-fee agreement when it determined the amount of attorney fees to be awarded. Central Trust's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

M.B. BETTMAN and SUNDERMANN, JJ., concur in C–940022.

SUNDERMANN, J., concurs in C–940039.

M.B. BETTMAN, J., concurs separately in C–940039.

M.B. BETTMAN, J., concurring separately in C–940039.

Given the nominal punitive damages award which supports the award of attorney fees, and the fact that this lawsuit was an interfamilial dispute which did not, in contrast to the claims in *Villella* and *Bittner*, vindicate a public interest, I cannot say that the trial court abused its discretion in using a percentage of the recovery rather than the lodestar approach in setting the amount of attorney fees in this case. The fee agreement between Central Trust and its own counsel was, for the most part, a contingent-fee arrangement. I cannot see how it is error in this case for the trial court to use this same percentage in determining the amount of the fees to be assessed against the Warburgs. Furthermore, the trial court did not limit its percentage calculation only to the general verdict, but also applied the percentage calculation to both pre- and post-judgment interest. While I might have made a different determination because of the amount of attorney effort which went into reconstructing the events of conversion, the Supreme Court has held that unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court is not to interfere. *Bittner*, 58 Ohio St.3d at 145–146, 569 N.E.2d at 467. I would thus hold that the award of attorney fees in this case was not an abuse of discretion, and overrule the cross-appellant's assignment of error for these reasons.