KOHLER et al., Appellees,

v.

DEEL, Appellant.

[Cite as *Kohler v. Deel* (1997), 119 Ohio App.3d 710.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 96CA0064.

Decided May 21, 1997.

*Mark D. Okey*, for appellees.

*Thomas E. Boyle* and *Samuel M. Pipino*, for appellant.

BAIRD, Judge.

Defendant–appellant, Darick Deel, and his insurance company, General Accident Insurance ("GAI"),[1] present this appeal from the decision rendered in the Wayne County Court of Common Pleas awarding prejudgment interest to appellees, Susan and Larry Kohler. For the second time, we reverse and remand.

This case has previously been before this court on two occasions. *Kohler v. Deel* (Oct. 16, 1995), Wayne App. No. 95CA0044, unreported (*"Deel I"*), was GAI and Deel's appeal from the original jury verdict against them in this matter. That case was dismissed by this court for failure to prosecute the appeal.[2] *Kohler v. Deel* (May 1, 1996), Wayne App. No. 95CA0086, unreported, 1996 WL 221880 (*"Deel II"*), was the original appeal of the trial court's award of prejudgment interest to the Kohlers. We remanded that case to the trial court with instructions. Upon remand, the trial court again considered the Kohlers' motion for prejudgment interest, and again granted it. The instant case represents Deel's appeal from the decision on remand.

---

1. Only Deel is a named party to this action; the record indicates that GAI became involved due to a contractual obligation to indemnify and defend Deel.

2. On March 22, 1996, the Ohio Supreme Court denied Deel's and GAI's request to appeal the dismissal to that court. (1996), 75 Ohio St.3d 1405, 661 N.E.2d 755.

## I

We discussed the procedural and factual background of this case in *Deel II*. The matter stems from a personal injury suit filed by the Kohlers. On May 19, 1992, Susan Kohler was injured as a result of a motor vehicle collision caused by Deel. Deel was insured by GAI. The Kohlers sued Deel on March 17, 1993. GAI contested the claim, and solicited a mediation firm, United States Arbitration and Mediation ("USA & M"), to contact the Kohlers. USA & M contacted the Kohlers on December 9, 1993, and proposed mediation of the claim. The Kohlers accepted the proposal, and on December 20, 1993, they dismissed their claim without prejudice. Mediation was originally scheduled for April 8, 1994. At the Kohlers' request, it was rescheduled for April 27, 1994.

However, on April 26, 1994, USA & M informed the Kohlers that, at GAI's request, it had once again postponed the mediation. No new date was specified. On May 18, 1994, the Kohlers contacted USA & M, requesting the next mediation date. They were advised that no date had been set, since GAI had not indicated that it was ready to proceed. GAI determined internally that it would not immediately reschedule the mediation, instead electing to wait and see whether the Kohlers would refile their claim. On June 16, 1994, the Kohlers again contacted USA & M regarding the mediation date. They were advised that "per [GAI], this case is on hold." Finally, on August 2, 1994, the Kohlers refiled their suit. Deel and GAI moved for summary judgment, asserting that the suit was now barred by the statute of limitations. The Kohlers filed a response and likewise moved for summary judgment in their favor.

The trial court ruled that Deel and GAI (1) had waived the statute of limitations as a defense due to the initiation of mediation proceedings coupled with the decision not to proceed with mediation, and (2) were estopped from asserting the statute as a defense because the Kohlers had reasonably relied on GAI's contract to mediate and its representations that mediation would indeed occur. Deel's and GAI's motions were overruled, and the matter proceeded to trial. The trial court directed a verdict in favor of the Kohlers on the issue of negligence, and the jury returned a verdict in their favor in the amount of $255,893.46. The trial court then awarded prejudgment interest.

## II

Appellant's assignment of error states:

"The trial court abused its discretion in granting the plaintiffs–appellees' motion for prejudgment interest, following remand from the court of appeals."

As we recognized in *Deel II*, R.C. 1343.03 controls the award of prejudgment interest in Ohio, and was enacted to encourage good faith efforts at settlement as

well as to discourage frivolous delays on the part of tortfeasors. R.C. 1343.03(C) provides:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Moreover,

"Since the crux of the statute is 'good faith effort,' and the ultimate decision whether to award prejudgment interest is reposed in the trial judge and, further, since the standard of review on appeal is abuse of discretion, the obvious question becomes what is a 'good faith effort' or, conversely, when has a party 'failed to make a good faith effort to settle'?" *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331, 347–348.

In this case, Deel and GAI never proposed a settlement to the Kohlers. The Supreme Court of Ohio has discussed the factors to be considered in determining whether a party has made a good faith effort to settle:

" 'A party has not "failed to make a good faith effort to settle" under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a food faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.' " *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d at 658–659, 635 N.E.2d at 348, quoting *Kalain v. Smith* (1986), 25 Ohio St.3d 157, 25 OBR 201, 495 N.E.2d 572, syllabus.

The court further stated that "the last sentence of the [*Kalain* ] syllabus should be strictly construed so as to carry out the purposes of R.C. 1343.03(C)," *i.e.*, "to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting." *Moskovitz*, 69 Ohio St.3d at 658–659, 635 N.E.2d at 347. See, also, *Galayda v. Lake Hosp. Sys., Inc.* (1994), 71 Ohio St.3d 421, 429, 644 N.E.2d 298, 304.

In *Deel II*, we concluded that the trial court had failed to consider all the factors in the *Kalain* syllabus, and remanded for that purpose. Specifically, we held:

"The trial court's judgment entry in this matter fails to address all of the settlement efforts of the parties required by R.C. 1343.03(C), as interpreted by *Kalain* and *Moskovitz*. Instead, it focusses on the statute of limitations defense raised by Deel and concludes that 'once the Court ruled as a matter of law that Defendant was not entitled to rely upon that defense it was incumbent upon Defendant to make a good faith effort to settle the case.' This statement by the court is an interpretation of the law for which there is no support." *Kohler v. Deel* (May 1, 1996), Wayne App. No. 95CA0086, unreported, 1996 WL 221880, at 6.

On remand, the trial court professed to have considered each of the factors required. The trial court's journal entry states:

"The decision to proceed to trial was apparently based upon the Defendant's refusal to accept the trial court's decision. The Court finds that the Defendant's refusal to evaluate this case beyond the failed statute of limitations defense was not a rational evaluation of his risks and potential liabilities.

"* * *

"Based on the fact that the Defendant was not entitled to rely on the statute of limitations defense and that General Accident admitted liability in the claims file, the Court finds that the Defendant could not have had a good faith, objectively reasonable belief that the Defendant was not liable. Therefore, under *Kalain,* the Defendant should have made a monetary settlement offer."

 We again note that, in general, determinations regarding the award of prejudgment interest are squarely within the discretion of the trial court, and will not be reversed absent an abuse of that discretion. *Cent. Trust Co., N.A. v. Warburg* (1995), 104 Ohio App.3d 186, 189, 661 N.E.2d 275, 276–277. It appears, however, that here, as in *Deel II,* such an abuse of discretion has occurred.

In its most recent decision, the trial court apparently reached the same conclusion on remand as it had in *Deel II,* and based this conclusion largely upon the same premise we declared erroneous in *Deel II, i.e.,* that because the trial court had eliminated GAI's statute of limitations defense, it was thus somehow *required* to make a settlement offer, and was *irrational* simply because it decided to concede liability at trial and appeal the trial court's decision on that issue. We reiterate our conclusion that such a premise has no legal foundation.

GAI and Deel apparently disagreed with the court's conclusion that they should be estopped from asserting the statute of limitations defense. They did, in fact, attempt to appeal that conclusion, though they failed to prosecute the appeal. However, they could not have known that such a failure would occur when they decided, *prior to trial,* not to offer a settlement. In the context of a motion for prejudgment interest, the question of whether GAI and Deel possessed a good faith, objectively reasonable belief that they had no liability must focus on the

belief *as it existed prior to trial.* This focus must remain *regardless* of the trial court's conclusion that the statute of limitations did not apply. Thus, it is not apparent that the decision not to offer settlement was irrational simply because GAI and Deel believed they might win reversal on appeal; the question to be answered is whether GAI and Deel's asserted belief that the trial court's decision was erroneous (1) was held in good faith and (2) was objectively reasonable. See *Warburg, supra,* 104 Ohio App.3d at 188–189, 661 N.E.2d at 276–277.

On remand, the trial court should determine whether Deel and GAI held a good faith, objectively reasonable belief that they were not liable to the Kohlers based upon the statute of limitations. The trial court has twice ruled, based on an erroneous proposition of law, that they *could not* have held such a belief. Such a belief *could* have been held; the trial court must determine if, in fact, that was the case. The trial court should also determine whether, considering the evidence adduced, and given the prevailing authority and precedent, Deel and GAI rationally evaluated their prospects of success and, accordingly, their risks (including the risks inherent in losing at trial and prosecuting an appeal) and potential liability.[3]

Accordingly, appellant's assignment of error is sustained. The judgment of the trial court is reversed, and the matter is remanded with instructions for further proceedings in accordance with this decision.

*Judgment reversed*
*and cause remanded with instructions.*

QUILLIN, P.J., and SLABY, J., concur.

---

**3.** In their brief to this court, Deel and GAI assert that "the insurance carrier was expressly told, by [defense counsel], that he felt the chances of prevailing on appeal, relative to the statute of limitations issue, was in the 70–80% range." We make no comment as to the accuracy of this prognostication.