JOURNAL ENTRY AND OPINION
Aetna Casualty and Surety Co. appeals from a December 30, 1998 judgment of the common pleas court awarding prejudgment interest from November 14, 1995 on a $100,000.00 arbitration award to William Tierney, Jr., for underinsured motorist coverage. On appeal, Aetna asserts the court misapplied R.C. 1343.03(A) because the court awarded prejudgment interest from the date the tortfeasor paid his limits, and not from the date of the clarification of the arbitration award.
After a careful review of this case and the applicable law, we have determined the trial court abused its discretion in its determinations and we remand the matter to the court for further proceedings consistent with this opinion.
The parties to this case have submitted an agreed statement of facts in accordance with App.R. 9(D). This statement reveals that as a result of a June 23, 1995 motor vehicle collision between Kenneth Woznicki and William Tierney, Jr., Tierney alleged injuries to his right shoulder. Following the accident, Tierney negotiated with Woznicki, Woznicki's insurance carrier, Travelers, and his own carrier, Aetna. As a result of those negotiations, he received $25,000.00 from Woznicki and $16,460.80 in lost wages, $5,000.00 in medical payments, and an additional $14,824.72 in medical payments from the indemnity clause in the Travelers' policy for an aggregate recovery of $61,285.52 prior to the filing of the instant case.
On February 5, 1997, Tierney sued Aetna and the case proceeded until November 12, 1997, when Tierney dismissed it and, pursuant to an agreement with Aetna, agreed to proceed in accordance with the mandatory arbitration clause of the insurance policy.
On June 23, 1998, the arbitrators awarded Tierney $100,000.00; and in response to Tierney's request for clarification, the arbitrators, in a September 23, 1998 ruling, stated that the $100,000.00 was, "`new money' in addition to any monies paid by Aetna to the arbitration."
However, on September 21, 1998, Tierney had filed an application in the common pleas court to vacate, correct or modify the award and then moved for prejudgment interest and sought to reduce the award to judgment. Aetna paid the $100,000.00 judgment on November 17, 1998 and opposed Tierney's motion for prejudgment interest.
In a December 30, 1998 ruling, the court granted the motion for prejudgment interest, awarding it from November 14, 1995, the date Woznicki paid his policy limits.
Aetna now appeals from this judgment contending the court abused its discretion in its selection of the date from which it chose to impose prejudgment interest.
In Kohler v. Deel (1997), 119 Ohio App.3d 710, the court there considered the issue of prejudgment interest stating:
 We again note that, in general, determinations regarding the award of prejudgment interest are squarely within the discretion of the trial court, and will not be reversed absent an abuse of that discretion. Cent. Trust Co., N.A. v. Warburg (1995), 104 Ohio App.3d 186, 189. * * *. (Emphasis added.)
In Nash v. Kaiser Found. Health Plan of Ohio (1991), 76 Ohio App.3d 233, this court also addressed prejudgment interest and in a reported opinion stated:
 We now turn to the issue concerning the correctness of the award of prejudgment interest. We first note that such awards are within the sound discretion of the trial court. * * * We have repeatedly held that '[t]he term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * * .' (Citations omitted.) (Emphasis added.)
In a more factually analogous case to the instant case, the Third District Court of Appeals has recently considered this issue and has also determined the matter to be within the court's discretion. There, the court stated in Martin v. Cincinnati Ins.Co. (May 14, 1999), Logan App. No. 8-98-31, unreported, at p. 4:
 Thus, in order to fully compensate Martin under R.C. 1343.03(A), the trial court had to make a factual determination as to "when interest commences to run, i.e., when the claim becomes `due and payable,' and to determine what legal rate of interest should be applied." (Emphasis sic.) * * *. These are factual decisions within the discretion of the trial court. * * *. (Citations omitted.) (Emphasis added.)
The court reasoned as follows at p. 5:
 From the beginning of this case, Appellant reasonably contested its liability on the UMI claim on the theory that pursuant to the express language of the contract, Martin could not "stack" liability and UMI coverages. Ohio law, in regard to stacking multiple coverages from a single insurance policy, has been in a constant state of flux in recent years. At the time of the collision herein and for some time thereafter, there was ample authority that such policy language was valid and enforceable. Thus, it was reasonable for the trial court to determine that until January 28, 1998, Appellant's liability on the UMI claim was not definitively established. Consequently, we find that the trial court had a reasonable basis for its decision to assign January 28, 1998 as the "due and payable" date and that the court did not abuse its discretion. (Emphasis added.)
The substantive law in this area has been established by the court in Royal Elec. Constr. Corp. v. Ohio State Univ. (1995),73 Ohio St.3d 110, where the court stated:
 Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment. (Emphasis added.)
Further, the court stated:
 The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment, regardless of whether the judgment is based on a claim which was liquidated or unliquidated and even if the sum due was not capable of ascertainment until determined by the court.
Hence, the overriding concern as expressed in Royal Electric
which we are constrained to follow, is whether the aggrieved party has been made whole. Here, the record does not reveal whether the $100,000.00 made Tierney whole. The only determination made in the record is that the $100,000.00 is "new money". This determination, by itself, does not resolve the issue of whether Tierney had been made whole by payment of that money. Therefore, we reverse the judgment of the trial court and remand the matter for a determination on the issue of whether Tierney had been made whole when he received the $100,000.00 payment.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
JAMES D. SWEENEY, J., CONCURS; KENNETH A. ROCCO, J., DISSENTS (See Dissenting Opinion attached).
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE