I disagree with the majority's decision to review the trial court's determination of the factual question when money becomes due and payable under an abuse of discretion standard. In my opinion, our role in this appeal is to assess whether the trial court's choice of dates comports with the manifest weight of the evidence. See Williams v. Edwards (1998), 129 Ohio App.3d 116,125. I would conclude that some competent, credible evidence supported the trial court's finding that money became due and payable on the insured's claim for underinsured motorists coverage on the date on which the tortfeasor's insurer settled with the insured. Accordingly, I dissent.
It is wrong to assume that the standard of review applicable to an award of prejudgment interest under R.C. 1343.03(C) applies to an award under R.C. 1343.03(A). The decision whether to award prejudgment interest under R.C. 1343.03(C) discretionary: The court must decide whether the parties made a good faith effort to settle.[1] See, e.g., Kohler v. Deel (1997), 119 Ohio App.3d 710;Nash v. Kaiser Found. Health Plan of Ohio (1991), 76 Ohio App.3d 233. The award of interest under R.C. 1343.03(A) is not discretionary, however; the court generally must award interest. The only issue is when it begins to accrue; that is, when the claim became due and payable.[2] An abuse of discretion standard is inappropriate in reviewing the trial court's resolution of this question.
It is unfortunate that Landis v. Grange Mut. Ins. Co.b (1998),82 Ohio St.3d 339, did not explicitly address the standard of review applicable to an award of interest under R.C. 1343.03(A). Our supreme court should dispel the widespread misconception that all decisions relating to an award of prejudgment interest must be reviewed for abuse of discretion.
I would find that there was competent, credible evidence to support the trial court's decision to award prejudgment interest from the date the tortfeasor's insurer settled with appellee. SeeCotner v. United States Fidelity and Guaranty Co. (1998),126 Ohio App.3d 664, 669-70. Therefore, I would affirm the trial court's decision.
[1] Once the court has made the discretionary decision to award prejudgment interest under R.C. 1343.03(C), it must award interest from the date the cause of action accrued; it has no discretion to adjust this date. Musica v. Massillon Community Hosp. (1994),69 Ohio St.3d 673, 675-76. Review of the trial court's decision as to the date the cause of action accrued is analogous to the review of the award of interest under R.C. 1343.03(A).
[2] The date the claim became due and payable may be the date the final judgment is rendered so that no "prejudgment" interest is owed. See, e.g., Eagle Am. Ins. Co. v. Frencho (1996), 111 Ohio App. 213, 221; Kellog v. Doe (Feb. 26, 1998), Cuyahoga App. No. 72619, unreported.