[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
 {¶ 2} In a single assignment of error, defendant-appellant Kellie E. Sucher appeals from the trial court's award of prejudgment interest in the sum of $6,587.27 to plaintiff-appellee Katherine E. Falgner.
 {¶ 3} In September 1997, Falgner filed a complaint against Sucher and defendant Vickie Hollon alleging that she had been injured in a multiple-car collision caused by their negligence. A jury found in Sucher's favor and judgment was entered accordingly. On appeal, this court held that the jury's verdict was based upon an erroneous jury instruction, reversed the judgment, and remanded the case to the trial court. See Falgner v. Sucher (Sept. 8, 2000), 1st Dist. No. C-990566.
 {¶ 4} Following a second jury trial, the jury returned a $16,500 general verdict in favor of Falgner. In its responses to special interrogatories, the jury determined comparative negligence and found that Falgner was 10% negligent in the cause of the accident, and that Sucher was 30% negligent. Hollon bore the remaining responsibility for the accident. Falgner settled her claim against Hollon. The trial court ultimately entered a judgment for $7,950 in damages against Sucher.
 {¶ 5} Falgner then moved for prejudgment interest pursuant to R.C. 1343.03(C). At the hearing on the motion, and supported by the record and an affidavit, Falgner asserted that Sucher had failed to make a good-faith effort to settle the case and had needlessly caused a six-month delay in the retrial by seeking an additional medical deposition.
 {¶ 6} Prior to the first trial, Sucher's insurance carrier, Allstate, had offered to settle the case for $2,188. Allstate had told Flagner that the offer was nonnegotiable. No further offers were made by Sucher. Shortly before the second trial, Sucher requested a continuance to obtain the deposition of Falgner's new primary-care physician. Sucher never deposed the physician, causing the trial to be delayed for six months.
 {¶ 7} At the hearing on Flagner's motion for prejudgment interest, Sucher contended that, in light of the first jury's verdict in her favor, and in reliance upon a dissenting opinion in this court's resolution of the first appeal, she had a good-faith belief that she "had a defense to the claim of liability." But the trial court granted the motion, awarding Falgner $6,587.27 in prejudgment interest. In justifying the award, the trial court noted the disparity between the offer to settle the claim and the award made by the second jury.
 {¶ 8} In this appeal, Sucher now claims that the trial court erroneously based its award upon the disparity and ignored her reasonable belief that she was not liable for the accident.
 {¶ 9} R.C. 1343.03(C) governs when prejudgment interest may be awarded in civil actions based on tortious conduct. In Kalain v. Smith
(1986), 25 Ohio St.3d 157, 159, 495 N.E.2d 572, the Ohio Supreme Court noted that "[t]he statute was enacted to promote settlement efforts, to prevent parties who have engaged in tortious conduct from frivolously delaying the ultimate resolution of cases, and to encourage good faith efforts to settle controversies outside a trial setting."
 {¶ 10} To award prejudgment interest pursuant to R.C. 1343.03(C), the trial court must find that the party ordered to pay prejudgment interest failed to make a good-faith effort to settle and that the party to whom the prejudgment interest is to be paid did not fail to make a good-faith effort to settle. See Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, 658, 635 N.E.2d 331. If the moving party satisfies the requirements of the statute, the trial court shall allow prejudgment interest. See id. The trial court's determination of a lack of good faith, however, is consigned to its discretion after reviewing whether a party has (1) fully cooperated in discovery proceedings; (2) rationally evaluated her risks and potential liability; (3) not attempted to unnecessarily delay any of the proceedings; and (4) made a good-faith monetary settlement offer or responded in good faith to an offer from the other party. See Kalain v. Smith, syllabus; see, also, Galayda v. LakeHosp. Syst., Inc. (1994), 71 Ohio St.3d 421, 429, 644 N.E.2d 298.
 {¶ 11} We review a trial court's determination regarding good faith under an abuse-of-discretion standard. See Moskovitz v. Mt. SinaiMed. Ctr., 69 Ohio St.3d at 658, 635 N.E.2d 331; see, also, Cent. TrustCo., N.A. v. Warburg (1995), 104 Ohio App.3d 186, 189, 661 N.E.2d 275. An abuse of discretion implies that "there is no sound reasoning process that would support that decision." AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157, 161,553 N.E.2d 597.
 {¶ 12} In contending that the trial court abused its discretion by referring to the disparity between the insurer's offer and the verdict, Sucher correctly notes that a disparity cannot alone justify an award of prejudgment interest. See, Black v. Bell (1984), 20 Ohio App.3d 84, 88,484 N.E.2d 739. She ignores, however, the significance of other aspects of the record of the proceedings below, which provided ample justification for the award of prejudgment interest. See, e.g., Champ v.Wal-Mart Stores, Inc., 1st Dist. No. C-010283, 2002-Ohio-1615. There was substantial evidence that Sucher's actions unnecessarily delayed the proceedings, and that her decision to stand pat on the initial nonnegotiable offer was not a reasonable evaluation of the risk of potential liability. See, e.g., Hilliard v. Huntington Nat. Bank (June 11, 1999), 1st Dist. No. C-980383.
 {¶ 13} We hold that the trial court's decision to award prejudgment interest was not an abuse of discretion. The assignment of error is overruled.
 {¶ 14} Therefore, the judgment of the trial court is affirmed.
 {¶ 15} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Sundermann, P.J., Doan and Gorman, JJ.