[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Following a jury trial, defendant-appellant Linda Carr was awarded $100 in compensatory damages and $900 in punitive damages on her counterclaim for invasion of privacy. In addition, the jury found plaintiff-appellee Kenneth Boyle, Sr. liable for Carr's reasonable attorney fees. After a post-trial hearing on the attorney fees, the trial court awarded Carr $333.33 in fees based upon the one-third contingency-fee agreement between Carr and her counsel.
{¶ 3} Carr appealed the trial court's decision. She argued that the trial court erred by basing the award of attorney fees solely upon the contingency-fee agreement. We agreed. We held that the trial court's failure to consider the factors set forth in DR 2-106(B) was reversible error. As a result, we remanded the case to the trial court with instructions to redetermine Carr's reasonable attorney fees in light of the factors set forth in DR 2-106(B).[1]
{¶ 4} On remand, the trial court held a hearing on the attorney fees. At the hearing, Carr's attorney presented an affidavit in support of fees totaling $37,827.50. Carr's counsel also presented expert testimony from Bill Whalen, a local attorney. Whalen opined that the fees, costs, and hourly rates charged by Carr's counsel were reasonable. Boyle was given an opportunity to cross-examine Whalen. In addition, Boyle presented the trial court with three video surveillance tapes. Boyle maintained that these video tapes would show that Carr's counsel did not appear at Carr's home for a conference on three separate dates. Carr's counsel maintained that the tapes would show him appearing for conferences on those dates. In a decision and entry dated April 2, 2002, the trial court awarded Carr attorney fees in the amount of $2000. Carr now appeals the trial court's decision.
{¶ 5} In her sole assignment of error, Carr contends the trial court abused its discretion in awarding only $2000. Carr argues that because she presented the trial court with evidence that the professional services performed by her counsel were necessary and reasonable, the trial court should have determined the reasonableness of the fees by multiplying the number of hours reasonably expended on the case by an hourly rate. If that had been done, she argues, the trial court would have awarded her a larger amount of attorney fees.
{¶ 6} We review a trial court's decision awarding attorney fees for an abuse of discretion.[2] The Ohio Supreme Court has stated that a trial court abuses its discretion only when the amount of fees awarded "is so high or so low that it shocks the conscience * * *."[3] Ohio appellate courts have upheld fee awards in an amount less than that which would have been due using an hourly rate computation, as long as the trial court has considered the reasonableness of the fees under the factors set forth in DR 2-106(B).[4] Those factors include (1) the time and labor involved, (2) the novelty, complexity and level of difficulty of the questions in the case, (3) the professional skill required, (4) the experience and ability of the attorney, (5) the fee customarily charged in the locality for the same services, (6) the miscellaneous expenses of litigation, (7) the nature and length of the relationship with the client, and (8) whether the fee is fixed or contingent.
{¶ 7} In this case, the court considered each of the above factors at the hearing. In its decision, the court analyzed each one of the factors individually and stated its reasons for awarding only $2000 in fees. Given that the trial court carefully considered each of the factors in DR 2-106(B), we cannot say that the trial court's award of $2000 was inadequate, especially given the fact that the jury's verdict was only $1000. Because we cannot say the trial court abused its discretion, we overrule Carr's sole assignment of error and affirm the judgment of the trial court.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Winkler, JJ.
[1] See Boyle v. Carr (May 25, 2001), 1st Dist. No. C-000455.
[2] Bittner v. Tri-County Toyota, Inc. (1991), 58 Ohio St.3d 143, 145,569 N.E.2d 464.
[3] See Bittner, 58 Ohio St.3d at 146, quoting Brooks v. HurstBuick-Pontiac-Olds-GMC, Inc. (1985), 23 Ohio App.3d 85, 91,491 N.E.2d 345.
[4] See Leal v. Holtvogt (1998), 123 Ohio App.3d 51, 73-74,702 N.E.2d 1246; Central Trust Co. v. Warburg (1995), 104 Ohio App.3d 186,190, 661 N.E.2d 275.