372

Chester Township, Appellant, *v.* Geauga County Budget Commission et al., Appellees.

(No. 76-690—Decided December 27, 1976.)

Mr. *Arthur T. Wincek,* for appellant.

Mr. *Jerry Petersen,* prosecuting attorney, and Mr. *Terry Pasqualone,* for appellee Geauga County Budget Commission.

Messrs. *Weston, Hurd, Fallon, Paisley & Howley,* Mr. *John M. Baker* and Mr. *Joseph J. LoPresti, Jr.,* for appellees Geauga County and various villages and townships.

*Per Curiam.* The order of the Board of Tax Appeals affirming the allocation made by the Geauga County Budget Commission is affirmed.

Appellant contends that R. C. 5747.53 is an unconstitutional delegation of legislative authority and is an unconstitutional grant of administrative power, being con-

trary to Section 1, Article II of the Ohio Constitution.
There is a presumption in favor of the validity of a statute. *Cincinnati, W. & Z. R. R. Co.* v. *Commrs. of Clinton County* (1852), 1 Ohio St. 77, paragraph two of the syllabus; *Kroger Co.* v. *Schneider* (1967), 9 Ohio St. 2d 80, 85, 223 N. E. 2d 606.

This court stated in *Bd. of Co. Commrs.* v. *Willoughby Hills* (1968), 14 Ohio St. 2d 163, 164, 237 N. E. 2d 138:

"There is just so much money in the undivided local government fund for distribution among the eligible political subdivisions of a county. It is difficult to attain absolute accuracy in allocating that fund. If the division made by the Board of Tax Appeals is fair and impartial and is determined upon the basis of actual need as established by the evidence, a reviewing court may not disturb the allocation. It is only when it is apparent that the board has proceeded in an unreasonable or unlawful manner that a court may intervene."

In the use of the alternative method of apportionment authorized by R. C. 5747.53, a county budget commission is limited to factors deemed to be appropriate and reliable in the sole discretion of that commission. The limitation set forth in R. C. 5747.51 and R. C. Chapters 5107 and 5113 are made applicable by subdivision (C) of R. C. 5747.53. Further limitations are imposed by subdivision (A), which requires the approval of the board of county commissioners and a majority of the boards of township trustees of the county and legislative authorities of municipal corporations located wholly or partially in the county.

The General Assembly made the decision to grant the county budget commission the alternative method of allocating its undivided county local government fund in a manner which would maximize its utility to the local communities.

R. C. 5747.53 is constitutionally valid. See *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N. E. 2d 629; and *State, ex rel. Bd. of Edn.,* v. *Bd. of Edn. of Columbus City School Dist.* (1961), 172 Ohio St. 533, 179 N. E. 2d 347.

Appellant contends further that in the event this court finds R. C. 5747.53 constitutional, the court should hold that the Geauga County Budget Commission abused its discretion in allocating the local government fund by the alternative method.

After a careful review of the record, this court concludes that there is no evidence of an abuse of discretion. *State, ex rel. Shafer,* v. *Ohio Turnpike Comm.* (1953), 159 Ohio St. 581, 590, 591, 113 N. E. 2d 14; *Steiner* v. *Custer* (1940), 137 Ohio St. 448, 31 N. E. 2d 855.

R. C. 5747.53(E) provides that the actions of the budget commissioner, taken pursuant to that section, are final and may not be appealed to the Board of Tax Appeals, except on the issues of abuse of discretion and failure to comply with the formula. There is no contention that the board failed to comply with the formula.

According to the record, the contention of the appellant that several of the townships failed to meet the statutory requirement that the township budget be filed on or before July 20, 1975, was not raised before the Geauga County Budget Commission, nor was it timely raised before the Board of Tax Appeals. In the briefs there is a dispute as to the facts relevant to that issue which this court will not now attempt to resolve.

Upon a consideration of all the evidence of record and the applicable law, this court holds that the Geauga County Budget Commission acted properly in formulating an alternative method for allocating the 1976 local government fund according to the provisions of R. C. 5747.53, and that the Board of Tax Appeals' decision affirming the action of the Geauga County Budget Commission was not unreasonable nor unlawful.

That decision is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., CORRIGAN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

HERBERT and STERN, JJ., dissent.