OPINION
Plaintiff Edwin Pitcock appeals a summary judgment of the Court of Common Pleas of Muskingum County, Ohio, which dismissed his complaint against West Muskingum Athletic Booster Association and West Muskingum Local School District, for personal injuries appellant sustained during a mud volleyball tournament held on the premises of Licking View Elementary School. Appellant assigns seven errors to the trial court:
ASSIGNMENTS OF ERROR
 I. SUMMARY JUDGMENT WAS NOT APPROPRIATE BECAUSE DEFENDANTS WEST MUSKINGUM LOCAL SCHOOL DISTRICT AND WEST MUSKINGUM ATHLETIC BOOSTER ASSOCIATION ARE NOT ENTITLED TO RECREATIONAL IMMUNITY BECAUSE PLAINTIFF WAS NOT A RECREATIONAL USER.
 II. DEFENDANTS WEST MUSKINGUM LOCAL SCHOOL DISTRICT AND WEST MUSKINGUM ATHLETIC BOOSTER ASSOCIATION ARE NOT ENTITLED TO GOVERNMENTAL IMMUNITY.
 III. DEFENDANT BOOSTERS' DEFENSE THAT BOOSTERS WAS NOT A CORRECT PARTY TO THIS LITIGATION SHOULD NOT HAVE BEEN CONSIDERED BY THE TRIAL COURT BECAUSE DEFENDANT DID NOT PLEAD THIS AS AN AFFIRMATIVE DEFENSE.
 IV. DEFENDANTS WEST MUSKINGUM LOCAL SCHOOLS AND WEST MUSKINGUM ATHLETIC BOOSTERS OWED PLAINTIFF A DUTY TO EXERCISE ORDINARY CARE AND MATERIAL ISSUES OF FACT EXIST AS TO WHETHER DEFENDANTS NEGLIGENTLY FAILED TO EXERCISE ORDINARY CARE; THEREFORE, DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT.
 V. SUMMARY JUDGMENT SHOULD HAVE BEEN DENIED BECAUSE DEFENDANTS WEST MUSKINGUM LOCAL SCHOOL DISTRICT AND WEST MUSKINGUM ATHLETIC BOOSTER ASSOCIATION ARE NOT RELEASED FROM LIABILITY DUE TO THE ALLEGED RELEASE SIGNED BY PLAINTIFF AND THEREFORE ARE NOT ENTITLED TO SUMMARY JUDGMENT.
 VI. PURSUANT TO CIV. R. 56(F), THE COURT ABUSED ITS DISCRETION BY BOTH DENYING PLAINTIFF'S MOTION FOR CONTINUANCE AND FAILING TO RULE ON PLAINTIFF'S MOTION TO STAY AND MOTION TO COMPEL, SINCE THESE MOTIONS WERE FILED AS THE RESULT OF AN INSUFFICIENT DICOVERY[SIC] PERIOD AND DEFENSE COUNSEL'S DISCOVERY ABUSES.
 VII. THE TRIAL COURT ABUSED ITS DISCRETION BY CONSIDERING ARGUMENTS SET FORTH IN DEFENDANTS' SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT BECAUSE IT WAS FILED WITHOUT LEAVE OF COURT AS REQUIRED IN CIV. R. 56 (B).
The trial court found there was no genuine issue as to the following material facts:
 the event which gave rise to appellant's claim was a mud volleyball tournament being conducted to benefit Marc Cooper, a young leukemia victim. The event was being held on grounds owned by appellee-West Muskingum Local School District, specifically, the grounds of the former Licking View Elementary School, which had been closed for several years prior to the tournament. All proceeds from the tournament were intended for Marc Cooper and were given to him, and none of the appellees received any of the proceeds of the tournament. The trial court found neither appellee sponsored or conducted the volleyball tournament.
Appellee Muskingum Local School District has permitted the general public to use the grounds for recreational purposes without charge, and the court found appellee permitted the use of the volleyball tournament without fee or charge. The sponsors of the volleyball tournament were individuals calling themselves "West M Sports Association". Some of those individuals were also members of the West Muskingum Athletic Booster Association, Inc. but others had no connection with either appellee. Participants in the mud volleyball tournament were required to contribute $75.00 to the Marc Cooper Fund as a condition pre-requisite of participation, although neither appellee received any of the $75.00. Appellant and his fellow team members signed a release with respect to West M Sports Association prior to participating in the tournament.
While engaged in play during the tournament, appellant sustained a deep laceration of the knee when he encountered some object on or in the ground. Other teams had played their games on the same court during the course of the day prior to appellant's injury, and his own team completed its game on that court after appellant was injured. Appellant did not know what had cut his knee, although after he was discharged from the hospital where his knee was repaired, appellant and a friend went to the scene of the volleyball tournament. They used an oval, long-handled construction type shovel to dig into the ground in an attempt to find what had injured appellant. Appellant's friend dug the length of the metal portion of the shovel before encountering a metal object. No one was able to identify what the metal object was, where it came from, or how long it had been in the ground before being dug up. The five playing fields were disced each day by one Ralph Daniel Thorton using his own tractor and disc. During each discing operation, volunteers walked behind looking for and picking up whatever the disc disturbed and brought to the surface, which was mostly rocks removed from the playing field.
The trial court found based upon the above undisputed facts neither of the appellees sponsored or conducted the volleyball tournament and neither received any payment or benefit from the tournament. The court found neither of the appellees owed a duty of care to the appellant, and neither breached any duty of care. The court found appellant was a licensee, not a business invitee. The court also found West Muskingum Local School District was immune from liability pursuant to R.C. 1533.181.
Appellant has failed to include in his brief a separate statement pursuant to summary judgment as required by our local rules. Failure to comply with this rule may be grounds for dismissal of the appeal. In the interest of justice we prefer to address appellant's claims on the merits. Appellant appears to advance the argument summary judgment was inappropriate both as a matter of law, and because there were genuine issues of material fact.
Civ.R. 56(C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing all of the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in evidence presented, Inland Refuse Transfer Companyv. Brown-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35.
In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio Supreme Court outlined the obligations and procedures of the parties upon summary judgment. First, the party seeking summary judgment must disclose the basis for the motion, and the moving party bears the burden of showing no genuine issue exists as to any material fact, Harless v. Willis-Day Warehousing Company
(1978), 54 Ohio St.2d 64 at 66. The moving party does not discharge its initial burden under Civ.R. 56 by making conclusory assertions that the non-moving party has no evidence with which to prove its case. Rather, the moving party must be able to point to some evidence which affirmatively demonstrates the non-moving party cannot support its claim, Vahila at 429.
Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden to set forth specific facts showing there is a genuine issue for trial, id, citations deleted.
Against this backdrop, then, we review appellant's claims.
 I
In his first assignment of error, appellant argues the court erred in finding the recreational user statute, R.C. 1533.181, granted immunity to both appellees. The statute provides no owner, lessee or occupant of premises owes any duty to a recreational user to keep premises safe for entry or use or assumes any responsibility for or liability for injury to persons or property caused by a recreational user's act. R.C. 1533.18(B) defines a recreational user as a person to whom permission has been granted, without payment of a fee or consideration to the owner, lessee, or occupant of the premises, to enter upon a premises for a recreational pursuit. In order to qualify for recreational user immunity, the property must be held open to the public for recreational activity, and the trial court found this property was held open to the public for recreational activity. The court also found neither appellee received and retained a fee for the use of the property.
Appellant argues he did in fact pay a fee in order to compete in the tournament, and it is irrelevant whether the owners or occupiers of the property retained or disposed of the fee. In other words, the fact appellant paid a fee in order to compete is the legally significant issue, regardless of whether any portion or all of the fee was donated to charity. Appellant also argued the mud volleyball courts in question were not held open for public use as volleyball courts. The record demonstrates the courts were erected on a formerly grassy area of the playground, prepared specifically for the volleyball tournament. After the tournament was over, the property was restored to its original condition. Appellant appears to argue regardless of whether the property was otherwise held open for public recreational use, the fact these volleyball courts were specially prepared for and restricted to persons who paid the fee, is a legally significant fact which removes this situation from the recreational use statute.
In Pippin v. M.A. Hauser Enterprises, Inc. (1996), 11 Ohio App.3d 557, the Court of Appeals for Lucas County reviewed a situation wherein C C Painting paid a $450.00 sponsor's fee to the City of Toledo so its company softball team could participate in the Toledo amateur federation softball league. None of the individual players paid an individual fee. Mr. Pippin was injured while sliding into second base. Pippin brought suit against the City of Toledo and others. The Lucas County Court of Appeals reviewed Ohio law with regards to the payment of an entry fee. The Lucas County Court of Appeals cited our case of Dinarda v.Louisville (July 5, 1991), Stark App. #CA-8415, unreported. InDinarda, this court found the payment of a fee by a team sponsor to a municipality does not affect the status of individual members of the team as recreational users, because the fee allows the team to play in the softball league, regardless of what individual players are on the team. Thus, the fee is not paid for the purpose of allowing any individual player to use the municipal field. The Lake County Court of Appeals in Dowdell v. Eastlake (August 10, 1990), Lake App. # 89-L-14-121, unreported, came to the same conclusion. In Nowak v. Ries (December 19, 1991), Cuyahoga App. #59276, unreported, the Cuyahoga County Court of Appeals found the opposite. In Nowak, the Eighth Appellate District determined the injured softball player could not have used the softball field in question unless the sponsor had paid the fee. The Lucas County Court of Appeals, reviewing the above cases, held because the property was a municipal park, one could infer the individual could utilize the softball facility without the payment of the fee.
Here, by contrast, although one may easily infer appellant could have been on the premises in question without paying a fee, the record also demonstrates he could not have been on a mud volleyball court, because the volleyball courts were created for a specific term and then dismantled. In Miller v. Dayton (1989),42 Ohio St.3d 113, the Ohio Supreme Court directed courts of appeals to analyze the recreational user's statute by focusing on the character of the property upon which the injury occurs, and the type of activities for which the property is held open to the public.
Applying the Miller rule to this action, we find although the specific activity which occurred on the property may have been changed, the type of activity for which the property was held open to the public had not changed. The court found this property had been held open to the public for recreational use, and playing volleyball is a recreational use.
We find the recreational user's statute does not apply here. Appellant paid a fee to participate in the mud volleyball tournament, and how the fee was disposed of is irrelevant. Appellant could not have been injured on the mud volleyball court under other circumstances, because the mud volleyball court was created specifically for this event and then dismantled.
The first assignment of error is sustained.
 II
Appellant argues appellee West Muskingum Local School District and West Muskingum Athletic Booster Association are not entitled to governmental immunity. As appellee points out, only the West Muskingum Local School District asserted the immunity defense under R.C. 2744.03. That statute provides a political subdivision is immune from liability if the injury results from the exercise of judgment or discretion in determining, among other things, the use of facilities, unless judgment or discretion is exercised maliciously, in bad faith, wantonly, or recklessly.
The trial court found the school district permitted the use of its closed school facility for the purposes of public recreation, and also for the purpose of holding the charity mud volleyball tournament.
Appellant argues there is a genuine issue of fact regarding whether appellees had what appellant refers to as an "on-going ignorance" of the maintenance and upkeep of the school property. Appellant argues the school district did nothing to inspect or maintain the property, and it should have overseen the construction of the mud volleyball courts. Appellant argues the school district acted in reckless and wanton fashion by maintaining what amounted to an attractive nuisance.
We find the record contains no evidence of negligence, malicious purpose, bad faith, or wanton or reckless manner.
The second assignment of error is overruled.
 III
Appellant sued the West Muskingum Athletic Booster Association, Inc. In its motion for summary judgment, appellee Boosters argued that as an entity it was never involved in the conduct of the mud volleyball tournament. Instead, Boosters allege, and the trial court found the event was promoted by a number of individuals, and not by the association.
Appellant urges the trial court should not have considered this argument because appellees did not plead it as an affirmative defense.
In The Plain Dealer Publishing Company v. Cleveland (1996),75 Ohio St.3d 31, the Ohio Supreme Court found an affirmative defense is a new matter which, assuming the complaint to be true, constitutes a defense to it.
Appellee denied sponsoring and conducting the tournament in its answer to the complaint. A specific denial of an allegation of a complaint is sufficient. We find contrary to appellant's assertion, the matter did not constitute an affirmative defense which, if not raised in the answer, would be waived.
The third assignment of error is overruled.
 IV
Next, appellant argues the court should not have granted summary judgment because there were material issues of fact regarding whether the appellees negligently failed to exercise ordinary care towards him. Appellant argues to prevail, he must prove he was injured on appellees' premises as a result of appellees' negligence. He urges appellees breached their duty of care in failing to inspect the property and warn of latent defects in the property.
In his deposition, appellant conceded at the time, he had no idea what cut his knee, but afterwards, he and his friend dug up an object which appellant believes injured him.
The record indicates in order to find the object, his friend used a long-handled shovel to dig the depth of the shovel blade before they encountered an object.
The trial court found appellant was not a business invitee, but rather a licensee. Assuming, arguendo, that appellant was a business invitee, the duty of the appellees would be to keep the premises in reasonably safe condition and to warn of any hidden dangers of which they should have knowledge, see Johnson v. WagnerProvision, Company (1943), 141 Ohio St. 584. The rationale, as appellant points out, is that the owner has superior knowledge of existing dangers on the property which an invitee lacks. An invitee is a person who comes on the property by express or implied invitation for some benefit to the owner, Provencher v.Ohio Department of Transportation (1990), 49 Ohio St.3d 265.
Appellees came forward with evidence pursuant to Vahilla,supra, tending to show they could not have known of the existence of any hazard. Appellant did not meet his burden of coming forward with evidence to dispute this.
Our review of the record leads us to conclude that reasonable minds could not differ on the question of whether appellees knew or should have known, in the exercise of ordinary care, of whatever potential hazard was in the volleyball mud within a sufficient time to enable appellees to either remove the hazard or warn participants about it.
The fourth assignment of error is overruled.
 V
Appellant next argues the team registration and liability release which he executed does not release appellees from liability. The release specifically names the "West M Sports Association, and all sponsors and/or agents or employees". The trial court did not find the release operated to release either of these appellees from liability, and appellees urge the release was offered into evidence by the West Muskingum Athletic Booster Association, Inc., for the sole purpose of demonstrating West M Sports Association, not the Muskingum Athletic Booster Association, Inc. was the sponsor of the tournament.
Because the court did not find the release signed by appellant released these appellees, it follows the court committed no error. Accordingly, the fifth assignment of error is overruled.
 VI
Next, appellant argues the court committed various errors regarding discovery.
After appellees filed their motion for summary judgment, appellant filed a motion for continuance pursuant to Civ.R. 56(F), arguing the summary judgment motion was premature, and he needed more time in order to conduct discovery and produce evidence with which to oppose the motion. The trial court overruled the motion for continuance, finding appellant had had sufficient opportunity to discover information regarding the defense of immunity, and the defense of improper party. The court did, however, grant appellant an additional period of time to pursue discovery on other issues. Thus, it is inaccurate for appellant to say the court overruled his motion for continuance, given that the court actually did grant appellant additional time to conduct discovery.
Appellant sought to discover new information, but encountered resistance from appellees. Appellant filed a motion to compel, and the court conducted an in camera review of certain records and found no relevant information.
A trial court has discretion to control the progress of discovery, Stegawski v. Cleveland Anesthesia Group, Inc. (1987),37 Ohio App.3d 78. This court should not disturb a court's discretionary ruling unless it finds the court abused its discretion. The Supreme Court has frequently held the term abuse of discretion refers to a situation where the court's attitude is arbitrary, or unconscionable, see Chester Township v. GeaugaCounty Budget Commission (1976), 48 Ohio St.2d 372.
We have reviewed the record, and we find the trial court did not abuse its discretion in its management of the discovery process.
The sixth assignment of error is overruled.
 VII
Finally, appellant argues appellant should not have considered the arguments set forth in appellees' supplemental motion for summary judgment because the motion was filed without leave of court as required by the Civil Rules. It does not appear appellant made any objection to the court prior to entry of final judgment.
We have reviewed the record, and we find this argument has no merit. The record appears clear the court permitted appellant sufficient time in which to oppose all of appellees' contentions, including those raised in the supplemental motion.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.