Plaintiff Frances B. Levi appeals a judgment of the Court of Common Pleas of Licking County, Ohio, finding both appellant and defendant Arthur N. Levi in contempt of court for failing to abide by the trial court's orders entered in this divorce case. Appellant assigns seven errors to the trial court:
ASSIGNMENTS OF ERROR
 ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING DEFENDANT-APPELLEE GUILTY OF CONTEMPT FOR NOT PAYING PLAINTIFF-APPELLANT HER SHARE OF THE DEFENDANT-APPELLEE'S 401 (K) PLAN AND THE PUTNAM FUND, ALONG WITH INTEREST ON HER SHARE.
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT FINDING DEFENDANT-APPELLEE GUILTY OF CONTEMPT FOR FAILING TO COMPLY WITH THE ORDERS REQUIRING HIM TO PAY HIS PORTION OF THE VISA CARD.
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO FIND DEFENDANT-APPELLEE GUILTY OF CONTEMPT FOR NOT PAYING PLAINTIFF-APPELLANT'S SPOUSAL SUPPORT PURSUANT TO EXTENDED TEMPORARY ORDERS.
 ASSIGNMENT OF ERROR NO. 4
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN RULING PLAINTIFF-APPELLANT WAS NOT ENTITLED TO THE INTEREST WHICH ACCUMULATED ON HER SHARE OF THE PENSION, 401 (K) AND OTHER AMOUNTS HELD BY DEFENDANT-APPELLEE AFTER THE STAY WAS LIFTED.
 ASSIGNMENT OF ERROR NO. 5
 THE TRIAL COURT ERRED IN DETERMINING THE AMOUNT DUE PLAINTIFF-APPELLANT FROM THE IRA AND 401 (K) BECAUSE THE MATHEMATICAL COMPUTATIONS WERE INCORRECT.
 ASSIGNMENT OF ERROR NO. 6
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING PLAINTIFF-APPELLANT GUILTY OF CONTEMPT
The record indicates the trial court entered a decree of divorce terminating the parties' marriage on February 13, 1997. Appellant appealed the merits of the divorce to this court, and we affirmed in Levi v. Levi (August 26, 1997), Licking App. No. 97CA22, unreported. Appellant then appealed our judgment to the Ohio Supreme Court, but the court declined to review it.
Before addressing the specific assignments of error, it is appropriate for us to set forth our standard of review. In general, the Supreme Court has directed us to use the abuse of discretion standard when reviewing a trial court's determination in a domestic relations case, Booth v. Booth
(1989), 44 Ohio St.3d 142, 144. The Supreme Court has specifically held the abuse of discretion standard applies to spousal support cases in Blakemore v. Blakernore (1983), 5 Ohio St.3d 217,219. The court has also applied the abuse of discretion standard to divisions of property, Martin v. Martin
(1985), 18 Ohio St.3d 292.
The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is ". . . unreasonable, arbitrary or unconscionable. . . ."Blakemore, supra, citing State v. Adams (1980), 62 Ohio St.2d 151,157, Steiner v. Custer (1940), 137 Ohio St. 448; Conner v.Conner (1959), 170 Ohio St. 85; Chester Township v. GeaugaCounty Budget Commission (1976), 48 Ohio St.2d 372.
We are also mindful of the Supreme Court's directive contained in Briganti v. Briganti (1984), 9 Ohio St.3d 220. InBriganti, the Supreme Court directed us to limit our review to a determination of whether, considering the totality of circumstances, the trial court abused its discretion. The Supreme Court cautioned against taking specific provisions of the court's order out of context of the entire award, Briganti,supra, at 222.
The parties here filed cross-motions for contempt. The appellant charged the appellee was guilty of contempt for failing to pay spousal support as required by the temporary orders; failing to provide her with COBRA medical insurance; failing to divide the 401(K) pension plan and the Putnam Fund; failing to pay his share of the VISA debt; and failing to cooperate in listing and selling the real estate of the parties.
Appellee charged the appellant with failing to pay certain expenses associated with the parties' real estate pending its sale; and incurring expenses on his credit and taking checks belonging to the appellee.
Each party requested interest on the money owed.
 I
Appellant's first assignment of error argues the trial court abused its discretion in not finding appellee guilty of contempt for not paying appellant's share of the 401 (K) plan and Putnam Fund, along with interest. The trial court's judgment entry of August 22, 1998, determined appellee was not in contempt because the division of assets was on hold until the appellate process was completed. The court found it was reasonable for appellee to defer finalizing the asset division until the appeal and contempt motions were resolved. We find nothing unreasonable, arbitrary, or unconscionable in the court's finding, and we overrule the first assignment of error.
 II
The trial court did not find appellee guilty of contempt for failing to comply with the order requiring him to pay his portion of the VISA card. The trial court found, again because of the appellate process and the contempt motions filed, there was insufficient evidence warranting a finding of contempt. The court added appellee did not know where to send his share of the payment. Appellee points out to us the original decree did not contain specific direction regarding when he was to pay or how. Appellant responds appellee never asked where to send his payment.
Our review of the record in the trial court's findings leads us to conclude the trial court did not abuse its discretion when it found there was insufficient evidence to find appellee guilty of contempt of court in this matter. Accordingly, the second assignment of error is overruled.
 III
Next, appellant argues appellee did not pay his spousal support as ordered, and should have been found in contempt. The trial court discussed extensively what orders the parties were obliged to comply with during the pendency of the appeal. The court noted on February 8, 1996, the court established a temporary spousal support amount at $165.00 per week. The court issued the final decree on February 13, 1997, but the matter was stayed pending appeal to this court. In the final decree, the court reduced the spousal support to $350.00 per month for three years, plus health insurance coverage under COBRA. The court found specifically the cost of $300.00 per month for the insurance coverage was considered spousal support. The court determined the stay was in effect from February 13, 1997 to August 26, 1997.
The trial court found appellee was in substantial compliance with its order, and this court cannot find it abused its discretion.
The third assignment of error is overruled.
 IV
In her fourth assignment of error, appellant argues the court should have awarded interest on her share of the 401 (K) plan, certain IRA's, and the Putnam Fund. She urges appellee receive the benefit of interest on the funds he held. The trial court once again noted the appeal process and the contempt actions delayed the division of assets. We also note the court denied appellee's request for interest unless the accounts were not settled within 30 days.
The trial court's judgment entry of August 22, 1998 deals with the 401K funds under the summary of obligations, number 11. In the summary the court finds appellee owes appellant $15,717.50, plus interest from December, 1996. A footnote to the finding states:
 "This already accounts for the amount to be taken from plaintiff's [appellant's] Huntington National Bank IRA. Therefore, nothing has to be transacted with respect to the Huntington National Bank IRA. Any interest adjustments are restricted to the $15,717.50 rollover to plaintiff."
Thus, it appears the court dealt with interest except as regards to the Putnam Fund.
Regarding the Putnam Fund, the appellee testified it had been drawing around six and a quarter percent, Transcript at 73-74. This appears to be the only evidence presented regarding any change in value. The trial court did not make any finding in this regard. The court did direct appellee to pay appellant her share of the value as of December 12, 1996, but did not award appellant her share of the interest appellee earned from December 12, 1996 to the date of distribution. We find the court's failure to take into account the change in value of the awards to both appellant and appellee is an abuse of discretion.
The fourth assignment of error is sustained in part and overruled in part.
 V
Appellant next argues the court made mathematical mistakes in determining the amount she should receive from the IRA's and the 401 (K) plan. The court set out a summary of the obligations of each party, including explanatory notes. Our review of the trial court's findings and explanations leads us to conclude there is no error there.
The fifth assignment of error is overruled.
 VI
Appellant argues the court should not have found her guilty of contempt for failing to pay her share of the continuing expenses associated with the marital real estate before it was sold. Appellant argued she had only made $2,000.00 that year, and struggled to pay medical and prescription bills. Also, because appellee did not pay her the funds the court had ordered, she was financially unable to comply with the court's temporary orders.
The trial court specifically rejected appellant's assertion she was unable to discharge these obligations because it noted at the same time she had expended thousands of dollars to improve the cottage which was her separate property, in preparation to move from the marital residence.
We conclude from our review of the record the court did not abuse its discretion in making this finding. Accordingly, the sixth assignment of error is overruled.
 VII
Finally, appellant argues the court should have awarded her attorney fees. The trial court found both parties to be culpable for the delays and ordered each to be responsible for his or her own attorney fees. The court also split the costs of the proceeding equally between them. We find no abuse of discretion here.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for the purpose of computing the interest to which each party is entitled.
By Gwin, P.J., Farmer, J., concur Hoffman, J., concurs separately.
---------------------------
---------------------------
 --------------------------- JUDGES