OPINION
Appellant, Dominic F. Talanca, appeals from a decision of the Trumbull County Court of Common Pleas denying his motion to withdraw a previously entered guilty plea, after sentencing. For the reasons that follow, we affirm the judgment of the trial court.
On June 7, 1996, appellant was indicted on the following: one count of felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1); and one count of child endangering, a misdemeanor of the first degree, in violation of R.C. 2919.22(B)(1). The indictment stemmed from allegations that appellant, on or about February 17, 1996, struck his wife, Mary Talanca, fracturing her upper jaw and cheekbone. Appellant was also accused of striking his eleven-month old child, resulting in a bruise to the child's forehead. To the above charges, appellant entered an initial plea of not guilty.
Pursuant to a negotiated plea agreement, appellant entered a plea of guilty to a reduced count of attempted felonious assault, a felony of the third degree, in violation of R.C. 2903.11(A)(1) and R.C. 2923.02, and the one count of child endangering. The trial court then referred the matter to the Adult Probation Department for a pre-sentence investigation and report.
On September 18, 1996, appellant was sentenced to an indefinite term of incarceration of five to ten years on the count of attempted felonious assault and six months on the count of child endangering, to run concurrently. At no time did appellant attempt to file a direct appeal from this sentence.
Beginning November 24, 1997, appellant filed a series of motions, effectively postconviction relief petitions, requesting that the trial court re-sentence him pursuant to the sentencing scheme in place after the enactment of Senate Bill 2. The trial court ultimately denied those motions for relief. In a companion case, 98-T-0115, appellant appealed that decision to this court. Ultimately, appellant's counsel moved this court to dismiss that appeal, which was granted. The claim was barred by the doctrine of res judicata because the issue he presented for our review already existed in the record and could have been presented in a direct appeal of the trial court's original sentencing entry of September 18, 1996. Additionally, in State v. Sprafka (Apr. 10, 1998), Lake App. No. 96-L-137, unreported, this court concluded that a defendant who commits an offense prior to July 1, 1996, but was sentenced after that date, was not entitled to be sentenced under Senate Bill 2. The Supreme Court of Ohio ratified the conclusion we reached in Sprafka by its ruling in State v. Rush
(1998), 83 Ohio St.3d 53. On the merits, appellant's postconviction relief argument would not have prevailed.
After appellant's motions for postconviction relief were denied by the trial court, almost two years after sentencing, appellant filed a motion on June 28, 1998, seeking to withdraw his previously entered guilty plea pursuant to Crim.R. 32.1. Appellant alleged that his plea was "less than knowingly, intelligently, and voluntarily given" based on advice that he received from trial counsel. Specifically, both appellant and appellant's father, Dominic Talanca, Sr., submitted affidavits to the court alleging that appellant was informed by trial counsel that he would receive a suspended sentence and probation in exchange for his guilty plea. In making his argument, appellant does not allege that the trial court conducted anything less than a complete Crim.R. 11 colloquy. Furthermore, the record before this court includes a written plea agreement wherein appellant acknowledged that, while he might be "eligible for probation," he faced the following penalties as a result of his plea: to the count of attempted felonious assault, "2, 3, 4, 5 to 10 years and up to a $5,000 fine;" and "6 months and up to a $1,000 fine" for the count of child endangering.
By judgment entry filed August 18, 1998, the trial court denied appellant's motion to withdraw his plea. From this judgment, appellant filed a timely notice of appeal and now presents the following two assignments of error:
 "[1.] THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING THE APPELLANT THE OPPORTUNITY TO WITHDRAW HIS GUILTY PLEA CONSIDERING THE FACTS PRESENTED TO THE TRIAL COURT.
 "[2.] THE DEFENDANT-APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE AS COUNSEL INDUCEMENT TO GET THE APPELLANT TO PLEA GUILTY, DENIED THE DEFENDANT-APPELLANT HIS RIGHT BY THE CONSTITUTION TO A FAIR TRIAL. [sic.]"
As both of appellant's assignments of error relate to his arguments as to why the trial court should have granted his motion to withdraw his guilty plea pursuant to Crim.R. 32.1, we will address appellant's arguments in a consolidated fashion.
Crim. R. 32.1 provides as follows:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
In the present case, appellant seeks to withdraw his plea of guilty after the trial court imposed sentence. Such a request is cognizable only in the "extraordinary case" to correct a "manifest injustice." State v. Smith (1977), 49 Ohio St.2d 261, 264. In reviewing a trial court's decision to deny a motion to withdraw a guilty plea, an appellate court is limited to a determination of whether the trial court abused its discretion. State v. Blatnik
(1984), 17 Ohio App.3d 201, 202. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Steiner v. Custer (1940), 137 Ohio St. 448; Conner v. Conner
(1959), 170 Ohio St. 85; Chester Township v. Geauga Co. BudgetComm. (1976), 48 Ohio St.2d 372." (Parallel citations omitted.)State v. Adams (1980), 62 Ohio St.2d 151, 157-158. AccordBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In addition, the good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved by the trial court. State v. Desellems (Feb. 12, 1999), Lake App. No. 98-L-053, unreported, at 6, citing State v. Smith (1977),49 Ohio St.2d 261, paragraph two of the syllabus.
In Blatnik, the Sixth District Court of Appeals noted as follows:
 "`What constitutes an abuse of discretion with respect to denying a motion to withdraw a guilty plea necessarily is variable with the facts and circumstances involved.' State v. Walton (1981), 2 Ohio App.3d 117, 119. We recognize, however, that if a plea of guilty could be retracted with ease after sentence had been imposed, `"the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *"' (Citations omitted.)" Id. at 202-203, citing State v. Peterseim (1980), 68 Ohio App.2d 211, 213.
In reviewing the totality of the circumstances in this case, we cannot conclude that a manifest injustice occurred and that the trial court abused its discretion in denying appellant's request to withdraw his guilty plea. The record before this court, which includes a written plea agreement signed by appellant, establishes that appellant was not promised any particular sentence by the trial court, but, instead, was informed as to the maximum sentence he could receive with his guilty plea. Appellant's self-serving statements to the contrary are insufficient to warrant a withdrawal of his guilty plea. Indeed, the trial court was entitled to disregard appellant's assertions, without first conducting a hearing, when the record conclusively and irrefutably contradicts the allegations made by an accused in support of withdrawal. State v. Legree (1988), 61 Ohio App.3d 568, 574, cf.State v. Colbert (1991), 71 Ohio App.3d 734, 738 (involving the withdrawal of a guilty plea where the record supported a defendant's allegation that he detrimentally relied on an unfulfillable promise in entering his plea.)
Finally, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, 49 Ohio St.2d 261, at paragraph three of the syllabus. Here, appellant's decision to wait nearly two years before filing his motion to withdraw his guilty plea seriously undermines his credibility. This theory of relief was not proffered until after the failure of his other postconviction relief motions. It should have been presented simultaneously with them. Moreover, the appellant never attempted to file a direct appeal of his sentence. For these reasons, we cannot hold that the trial court "abused its discretion" in denying appellant's motion to withdraw his guilty plea. Appellant's first and second assignments of error are without merit.
Based on the foregoing, the judgment of the trial court is affirmed.
CHRISTLEY, P.J., NADER, J., concur.