[Cite as *State v. Weger*, 2023-Ohio-1194.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JAMIE WEGER, | : | Case No. 2022 CA 00063 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County
                             Municipal Court, Case No.
                             21CRB00221

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            April 11, 2023

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

J. MICHAEL KING                         TODD W. BARSTOW
Assistant Law Director                  261 West Johnstown Road
City of Newark                          Suite 204
40 West Main Street, Fourth Floor       Columbus, Ohio 43230
Newark, Ohio 43055

*Baldwin, J.*

{¶1}    The appellant appeals her sentence because it was re-imposed by an acting judge rather than the original sentencing judge after the case was affirmed on appeal. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}    The appellant was charged on February 22, 2021 with child endangerment in violation of R.C. 2919.22, a misdemeanor of the first degree. The matter proceeded to a bench trial on July 20, 2021, at which time the appellant was found guilty. The trial court sentenced the appellant to 180 days in jail, with 120 days suspended and credit for time served; one-year probation after her release from jail; completion of a parenting skills class; and, payment of a $150.00 fine and court costs. The appellant appealed the decision, and was granted a stay of execution of her sentence pending appeal. On June 27, 2022, this court affirmed the trial court's decision in *State v. Weger*, 5th Dist. Licking No. 2021 CA 00062, 2022-Ohio-2204.

{¶3}    On July 5, 2022 the trial court issued a scheduling order setting the matter for an "imposition of sentence" hearing on July 15, 2022. The appellant appeared for the hearing without counsel, and the trial court appointed counsel for her at her request. The hearing was continued until August 24, 2022.

{¶4}    The August 24, 2022 hearing proceeded as scheduled. The original judge was unable to preside, and an acting judge had been appointed. The acting judge called the matter for hearing. Counsel for the appellant objected to the acting judge imposing sentence because she was not the judge who imposed the original sentence. The appellant incorrectly avers in her Statement of the Case and Facts that "[c]ounsel

objected to having the matter heard by the acting judge and asked that the case be continued so that the assigned, elected judge could preside over the hearing." A review of the August 24, 2022 hearing transcript reveals that when asked if he was objecting or making a motion to continue, counsel replied "Objecting." The acting judge then stated that "with no motion to continue before me I will be proceeding and your objection is noted on the record and recorded."

{¶5} The acting judge thereafter re-imposed the original sentence that had been imposed by the judge who initially heard the case, which was 180 days with 120 days suspended, for a total of sixty days, and credit for time served. The appellant had served twenty-four days; thus, she was remanded to the county jail to serve the remaining thirty-six days on her sixty-day jail sentence. In addition, the acting judge reminded the appellant that the original judge had ordered that she be placed on probation for a period of one year following the completion of her jail term, that she complete a parenting skills program, and that she pay a $150.00 fine and court costs. Finally, the acting judge advised the appellant that the original judge would be returning to the bench the next day, and she could file a motion for reconsideration of re-imposition of the sentence for the original judge's consideration at that time.

{¶6} The appellant filed a timely appeal, and sets forth the following sole assignment of error:

{¶7} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT PERMITTING APPELLANT TO BE SENTENCED BY THE ASSIGNED MUNICIPAL COURT JUDGE."

{¶8}   The appellant contends that the trial court abused its discretion when the acting judge re-imposed the sentence that had originally imposed by the trial court after the case had been affirmed on appeal. We disagree.

**STANDARD OF REVIEW**

{¶9}   Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.2d 217, 450 N.E.2d 1140 (1983), at 219, citing *Steiner v. Custer* (1940), 137 Ohio St. 448 [31 N.E.2d 855] [19 O.O. 148]; *Conner v. Conner* (1959), 170 Ohio St. 85 [162 N.E.2d 852] [9 O.O.2d 480]; *Chester Township v. Geauga Co. Budget Comm.* (1976), 48 Ohio St.2d 372 [358 N.E.2d 610] [2 O.O.3d 484].

**ANALYSIS**

{¶10}  Ohio Criminal Rule 25(B) permits another judge to act after a verdict or finding of guilt, and states:

> If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court after a verdict or finding of guilt, another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform those duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial.

{¶11}  The Ohio Supreme Court addressed the application of Crim.R. 25(B) as follows:

In addition, the Rules of Criminal Procedure specifically authorize a trial judge who has not presided over a trial to sentence a defendant. Crim.R. 25(B) provides:

If for any reason the judge before whom the defendant has been tried is unable to perform the duties of the court *after a verdict or finding of guilt,* another judge designated by the administrative judge, or, in the case of a single-judge division, by the Chief Justice of the Supreme Court of Ohio, may perform such duties. If such other judge is satisfied that he cannot perform those duties because he did not preside at the trial, he may in his discretion grant a new trial.

(Emphasis added.)

Thus, it is "entirely proper" for a substitute judge to sentence a defendant after the retirement or death of the judge who presided over the defendant's trial. *State v. Green,* 122 Ohio App.3d 566, 571, 702 N.E.2d 462 (12th Dist.1997). *See also State v. Fitzpatrick,* 1st Dist. Hamilton Nos. C–930413, C–930439, B–927123, and B–928955, 1994 WL 164189 (May 4, 1994) (Crim.R. 25(B) authorized substitution of judge on sentencing when substitute judge stated on record that trial judge "would not be available for several months" and substitute "had familiarized himself with the file").

*State v. Roberts,* 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶38-39. See, also, *State v. Dowell,* 8th Dist. Cuyahoga No. 110629, 2022-Ohio-615, ¶14 ("…Crim.R. 25(B) does not prohibit another judge from presiding over postconviction proceedings if the original judge is unable to perform those duties for any reason.")

**{¶12}** In this case, the original judge, who had already sentenced the appellant prior to her first appeal, was unavailable on the day the hearing was scheduled for re-imposition of the appellant's sentence. An acting judge had been appointed, and the matter proceeded. The appellant objected, but did not request a continuance. The acting judge did not "sentence" the appellant, but rather, simply engaged in the ministerial act of re-imposing the sentence that had previously been imposed by the original judge.

**{¶13}** A "ministerial act" is "'. . . one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to, or the exercise of, his own judgment upon the propriety of the act being done.'" *State ex rel, Trauger v. Nash,* 66 Ohio St.612, 64 N.E. 558 (1902), 618. This is precisely what the acting judge did in this case. She performed the function of re-imposing the appellant's sentence pursuant to the mandate of legal authority that had been previously exercised by the original judge, without regard to her own judgment on the propriety of the sentence.

**{¶14}** This reasoning is supported by *State v. Robb,* 88 Ohio St.3d 59, 2000-Ohio-275, 723 N.E.2d 1019, in which the Court stated:

. . . [D]efendant argues that his death penalty must be vacated because Judge Patrick McGrath signed the writ of execution when, in fact, retired Judge Thomas Mitchell presided over the case and sentenced defendant to death.

However, signing the death warrant was a ministerial act, since Judge Mitchell had already imposed the death penalty and signed the sentencing entry. Crim.R. 25(B) permits another judge to be assigned a

case if, "for any reason," the original judge "is unable to perform the duties of the court after a verdict." Although the file does not explain why another judge signed the writ, defendant still "has not contradicted the presumption of regularity accorded all judicial proceedings." *State v. Hawkins* (1996), 74 Ohio St.3d 530, 531, 660 N.E.2d 454, 455. Accord *State v. Sweet* (1995), 72 Ohio St.3d 375, 650 N.E.2d 450; *State ex rel. Tillimon v. Weiher* (1992), 65 Ohio St.3d 468, 469, 605 N.E.2d 35, 36.

*Id.* at 88.

{¶15} Based upon the foregoing, we find that the trial court did not abuse its discretion when the acting judge re-imposed the sentence that had originally imposed by the trial court after the case had been affirmed on appeal.

{¶16} The appellant's sole assignment of error is overruled, and the judgment of the Licking County Municipal Court is hereby affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.