Weygandt, C. J.
 

 In the instant case the Court of Appeals held that the trial court was not in error in refusing to permit the taxpayer to become a party. Was this correct?
 

 Counsel on each side cite the case of
 
 City of Middletown
 
 v.
 
 City Commission of Middletown,
 
 138 Ohio St., 596, 37 N. E. (2d), 609. In the first paragraph of the syllabus in that case a ma jority of this court held:
 

 “Where the solicitor of a municipal corporation has instituted a suit for injunction under Section 4311,
 
 *293
 
 General Code, at the request of a taxpayer, and the court finds that such solicitor is not proceeding in good faith or with due diligence, the court has the inherent power to allow interested taxpayers to become intervening parties to the action, who thereupon have the same rights to plead, participate in the proceedings and appeal as if they had been original parties.”
 

 Obviously the contrasting feature in that case is the finding of the trial court that the city solicitor was
 
 not
 
 proceeding in good faith or with due diligence. In the instant case the trial court found, on the contrary, that the city solicitor “is proceeding in good faith and with due diligence.”
 

 Hence, in the instant case the lower courts were not in error unless a taxpayer enjoys an unqualified
 
 right
 
 to intervene and become a party in an action instituted at his request under favor of Section 4311, General Code. This court has not so held in the
 
 Middletown case, supra,
 
 and does not now so hold.
 

 The taxpayer availed himself of the privilege conferred by the provisions of Section 4314, General Code. He made a request of the city solicitor who responded by complying with the request and instituting the desired suit. That the suit was not successful is, of course, no evidence that the solicitor did not proceed in good faith and with due diligence. Had the trial court found that the solicitor was not so proceeding, it could, in the exercise of sound judicial discretion, have permitted the taxpayer to become a party. But the taxpayer was not entitled to be made a party as a matter of right. Furthermore, the record discloses that the Court of Common Pleas instructed the taxpayer to be present at the hearing. He did attend, and the court invited him to participate in the presentation of the case. This invitation was accepted, and the taxpayer expressed his views at length.
 

 
 *294
 
 Under the circumstances the Court of Appeals was not in error, and the judgment must he affirmed.
 

 Judgment affirmed.
 

 Matthias, Hart, Zimmerman, Stewart, Turner and Taut, JJ., concur.