[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas granting plaintiffs-appellees, Daryl E. Murphy and Daryl E. Murphy, Jr., prejudgment interest of $103,375.87 against defendant Fultz and Son, Inc. Appellant, Auto-Owners Insurance Co. ("Auto-Owners"), Fultz and Son, Inc.'s insurance carrier, raises the following assignment of error on appeal:
 "The trial court erred in applying a 10% interest rate to the judgment in violation of Revised Code 1343.03(C)(2)."
The facts of this case are undisputed. On March 14, 1997, Daryl Murphy sustained serious injuries when the car he was driving collided with a truck driven by Albert Jones, Jr., an agent of Fultz and Son, Inc. Thereafter, Murphy and his son, Daryl Murphy, Jr., filed an action in the lower court naming Albert Jones, Jr., Larry Fultz and Fultz Son, Inc. as defendants. On September 2, 1998, a jury returned a verdict of $600,000 for Daryl Murphy on his injury claim and $75,000 for Daryl Murphy, Jr. on his loss of consortium claim. The court then entered a judgment on that verdict.
Thereafter, appellees filed a request for production of documents in which they requested that the "defendant" produce a copy of the entire claims file with respect to the accident. This request is supported by the affidavit of Charles Murray, appellees' counsel, who attests to the settlement negotiations between the parties and states that he has no understanding or explanation as to why Auto Owners refused to offer any serious money in this case. This is the first mention of Auto Owners in any document filed before the trial court.
On September 23, 1998, appellees filed a motion for prejudgment interest. Subsequently, appellees filed a notice with the trial court acknowledging that the $675,000 judgment had been paid and authorizing the clerk of courts to satisfy, cancel and release the judgment. Appellees, however, expressly reserved their claim for prejudgment interest. Fultz and Son, Inc. contested the claim for prejudgment interest and on October 6, 1998, Auto-Owners filed a motion in the lower court for an incamera inspection of the claims file referred to above. Thereafter, on November 2, 1998, attorney John P. Gallagher filed an entry of appearance which asserted that Gallagher "enters his appearance on behalf of Defendants and Auto-Owners Insurance Company with regard to Plaintiffs' Motion for Prejudgment Interest." Subsequently, the trial court filed an order granting appellees' motion for prejudgment interest. Specifically, the court held that "defendant Fultz and Son, Inc. failed to negotiate in good faith, that plaintiffs did not fail to negotiate in good faith, and that an award of prejudgment interest is both warranted by the evidence and appropriate to effectuate the purpose espoused in the common law and R.C.1343.03(C)." The court then ordered Fultz and Son, Inc. to pay interest at the rate of ten percent from March 14, 1997, the date appellees sustained their damages, to September 24, 1998, the date the verdict was satisfied, totaling $103,375.87. From that judgment, Auto Owners filed a notice of appeal.
In its sole assignment of error Auto Owners challenges the trial court's calculation of the interest rate applicable to the award of prejudgment interest. For the following reason, however, we find that we must dismiss this appeal.
It is well-settled that "only parties to a lawsuit, or those that properly become parties," have standing to appeal an adverse judgment. Marino v. Ortiz (1988), 484 U.S. 301, 304;Sutherland v. ITT Residential Capital Corp. (1997),122 Ohio App.3d 526, 537. That is, an "`appeal lies only on behalf of a party aggrieved by the final order appealed from.'" Ohio Savings Bank v. Ambrose (1990), 56 Ohio St.3d 53,55, fn. 3, quoting Ohio Contract Carriers Assn.,Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160. (Emphasis added.) To become a party to a proceeding, one claiming an interest in the property which is the subject matter of the action must file a motion to intervene. Civ.R. 24(A)(2) provides in pertinent part:
 "(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: * * *
 (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Civ.R. 24(C) then provides that such motion must be served on the parties to the action as provided in Civ.R. 5.
In the present case, Auto Owners was never joined as a party in the proceedings below. As Fultz and Son, Inc.'s insurance carrier, Auto Owners had an interest in the prejudgment interest Fultz and Son, Inc. would be required to pay. Moreover, by paying the underlying judgment awarded to appellees, Auto Owners arguably became the real party in interest in the proceedings below. See Shealy v. Campbell (1985), 20 Ohio St.3d 23. Nevertheless, even as the real party in interest, to have standing to appeal the trial court's prejudgment interest order, Auto Owners was required to intervene in the proceedings below. See In the Matter of the Adoption of Ronald LeeAddington (July 31, 1995), Scioto App. No. 94 CA 2271, unreported. Merely appearing in a proceeding and presenting a brief in support of an argument does not make one a party with a concomitant right to appeal. Cincinnati v. Kellogg
(1950), 153 Ohio St. 291; In the Estate of Landrum
(Jan. 31, 1991), Ross App. No. 1645, unreported.
Accordingly, because Auto Owners was not a party to the proceedings below and did not seek to intervene in that action, it had no right to appeal the trial court's order awarding appellees prejudgment interest and this appeal must be dismissed.
On consideration whereof, this appeal is hereby ordered dismissed. Appellant is ordered to pay the court costs of this appeal.
 APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Richard W. Knepper, J.
 Mark L. Pietrykowski, J.
CONCUR.