**In re ESTATE OF JOHNSON.**

[Cite as *In re Estate of Johnson,* 178 Ohio App.3d 594, 2008-Ohio-5328.]

Court of Appeals of Ohio,
Fifth District, Tuscarawas County.

No. 2007 AP 05 0030.

Decided Oct. 6, 2008.

</div>

Jack Morrison Jr. and Thomas R. Houlihan, for appellant.

Thomas W. Hardin, Kenneth Roy Welch, and Frederick H. Bohse, for appellees.

---

WISE, Judge.

{¶ 1} Appellant Amer Cunningham Company, L.P.A. appeals the decision of the Tuscarawas County Court of Common Pleas, Probate Division, reducing its award of legal fees from $233,333.33 to $180,000 and ordering a surcharge of $53,333.33 to be paid back to the administrator of the estate.

## STATEMENT OF FACTS AND LAW

{¶ 2} Dennis Alan Johnson Jr. ("Dennis Alan") died in an automobile accident on September 1, 1998. He was the passenger in a vehicle operated by Roger Burrier. Both were killed by extensive thermal injuries.

{¶ 3} The estate of Dennis Alan Johnson Jr. was opened on August 12, 1999, in the Tuscarawas Court of Common Pleas, Probate Division, under case No. 99 ES 50259. The purpose of opening the estate was to pursue recovery for Dennis Alan's wrongful death. When the estate was opened, the only beneficiary listed therein was Dennis Lee Johnson ("Dennis Lee"), Dennis Alan's purported son. Doris Johnson, Dennis Alan's mother, and grandmother of Dennis Lee, was appointed administrator. Doris hired Amer Cunningham Company, L.P.A., appellant herein, as legal counsel.

{¶ 4} Wrongful-death litigation proceeded, and a settlement of $700,000 from decedent's employer's uninsured-/underinsured-motorist ("UM/UIM") carrier was reached in October 2001.

{¶ 5} On December 1, 2001, Doris, through Amer Cunningham, filed an application to approve settlement and distribution of wrongful-death and survival claims with the probate court.

{¶ 6} On December 5, 2001, appellant filed an application to approve settlement and distribution of wrongful-death and survival claims, requesting distribution of the settlement proceeds as follows:

| | |
|---|---|
| Doris Johnson (mother): | $175,000.00 |
| Dennis Johnson Sr. (father): | $ 75,000.00 |
| Danielle Johnson (sister): | $ 92,319.74 |
| Dennis Lee Johnson (purported son): | $ 69,278.96 |
| Ashley Johnson (niece): | $ 50,000.00 |

{¶ 7} Amer Cunningham requested a one-third contingency fee of $233,333.34 for attorney fees for services rendered with respect to the wrongful-death and survival claims, plus reimbursement of $5,067.96 for case expenses.

{¶ 8} On December 31, 2001, the probate court approved the application and entered an order allocating the wrongful-death proceeds to the decedent's family members as set forth above and approving Amer Cunningham's one-third contingency fee of $233,333.33. It was also noted on that entry that the settlement funds for Dennis Lee and Ashley Johnson were "[t]o be held in private trust for health, education and welfare. Doris Johnson to serve as Trustee."

{¶ 9} During the years that followed, it came to light that Doris, the administrator, did not use the money she was allocated for Dennis Lee's benefit.

{¶ 10} In April 2003, Dennis Lee's mother, Tammy Schaar, sued Doris, in her capacity as trustee, challenging the allocation of funds. See *Schaar v. Johnson,* Tuscarawas Common Pleas Court, Probate Division, 2003 DJ 19702.

{¶ 11} The administrator, Doris, represents that all of the money she was allocated is gone. Doris hired Amer Cunningham to defend the suit. She paid the legal fees for that representation out of the trust fund set aside for the benefit of Dennis Lee.

{¶ 12} On February 27, 2004, defendants filed a motion for summary judgment. This motion was denied by magistrate's opinion on October 25, 2004, which was upheld by the trial court on January 24, 2005.

{¶ 13} The trial court appointed a guardian ad litem, Kenneth Welch, to represent the interests of Dennis Lee.

{¶ 14} A trial was held before the magistrate on April 19, 2005, and June 21, 2005.

{¶ 15} Thereafter, on January 13, 2006, the magistrate issued a decision that found that Doris had committed fraud against Schaar in obtaining consent to the distribution. As a result, the magistrate recommended partially vacating the December 31, 2001 judgment entry in the estate case for the purposes of redistributing the wrongful-death proceeds and having Doris removed as the administrator of the estate and as trustee of the Dennis Lee Johnson Trust. The probate court also found that Doris had misappropriated at least $25,477 from the Dennis Lee Johnson Trust by paying Amer Cunningham's legal fees out of that trust.

{¶ 16} At the evidentiary hearing, Doris testified that she was advised by her attorney, Tom Houlihan of Amer Cunningham, to use the trust funds to pay for her litigation expenses.

{¶ 17} On August 10, 2006, the magistrate's decision was upheld by the trial court.

{¶ 18} On September 26, 2006, the magistrate made a further decision in which he appointed a replacement administrator for the estate, consolidated the estate

and declaratory-judgment cases, determined Dennis Lee to be the legitimate child of the decedent, and set a hearing for an allocation of wrongful-death proceeds.

{¶ 19} On October 11, 2006, this decision was adopted by the trial court.

{¶ 20} On October 31, 2006, the reallocation hearing took place, during which the new administrator of the estate, John Maxwell, suggested that Amer Cunningham pay back legal fees it earned on the wrongful-death settlement.

{¶ 21} On November 22, 2006, the magistrate entered a decision that reallocated the wrongful-death proceeds among the various beneficiaries and set a further hearing to consider Amer Cunningham's fee.

{¶ 22} Amer Cunningham entered an appearance and on December 18, 2006, filed objections to the reconsideration of its fee.

{¶ 23} On February 6, 2007, the matter was heard by the magistrate, who issued an opinion on March 27, 2007, requiring Amer Cunningham to return $53,333.33 of the legal fees that had been previously allocated.

{¶ 24} On April 11, 2007, Amer Cunningham filed its objections.

{¶ 25} On April 17, 2007, the trial court adopted the magistrate's decision without consideration of Amer Cunningham's objections.

{¶ 26} On April 20, 2007, Amer Cunningham filed a motion to vacate the April 17, 2007 order.

{¶ 27} On May 17, 2007, Amer Cunningham appealed said decision to this court.

{¶ 28} On July 25, 2007, appellant filed a motion for remand to allow the trial court to rule upon appellant's December 18, 2006 objections and appellant's April 20.2007 motion to vacate.

{¶ 29} By order dated August 9, 2007, this court, upon remand, instructed the trial court to rule upon the objections and the motion to vacate and extended the briefing schedule in the instant appeal to allow for same.

{¶ 30} On August 30, 2007, upon remand, the trial court vacated its April 17, 2007 order and considered and overruled Amer Cunningham's December 18, 2006 objections and its motion to vacate.

{¶ 31} The trial court further overruled Amer Cunningham's April 11, 2007 objections on September 28, 2007.

{¶ 32} Appellant now assigns the following errors for review:

## ASSIGNMENTS OF ERROR

{¶ 33} "I.   The trial court erred in determining that the attorneys for the administratrix of a wrongful death estate owed a duty to a potential beneficiary of the estate.

{¶ 34} "II.   The trial court erred in determining that the attorneys for the administrator owe a duty to prevent an administrator from 'straying from her responsibilities' to other beneficiaries.

{¶ 35} "III.   The trial court erred in reducing Amer Cunningham Co., L.P.A.'s fee for obtaining a wrongful death settlement.

{¶ 36} "IV.   The trial court erred in allowing a collateral attack of a judgment through the filing of a declaratory judgment.

{¶ 37} "V.   The trial court erred in granting Civ.R. 60 relief when no Civ.R. 60 motion was filed.

{¶ 38} "VI.   Even if it was appropriate for the trial court to treat the declaratory judgment action as a Civ.R. 60 motion, no appropriate showing of Civ.R. 60 factors was made.

{¶ 39} "VII.   The trial court erred in determining that Doris Johnson was not allowed to pay for legal representation from the Dennis Lee Johnson Trust."

### I, II, III

{¶ 40} Appellant's first three assignments of error address the trial court's reduction of the amount of approved attorney fees.   We shall therefore address these assignments of error together.

{¶ 41} The law firm of Amer Cunningham Co., L.P.A. contends that its legal services are of reasonable value of 33 1/3 percent of the amount recovered, pursuant to the contingency-fee contract, and that the trial court's decision to reduce its previously approved amount of attorney fees was error.   We agree.

{¶ 42} C.P.Sup.R. 39, which provides for counsel fees in connection with settlement of claims for wrongful death and conscious pain and suffering, claims for personal injuries to persons under guardianship, and settlement of claims for personal injuries to minors under R.C. 2111.18, states:

{¶ 43} "When representation is on a contingent fee basis, counsel will be allowed fees on the amount obtained, subject to the approval of Court."

{¶ 44} C.P.Sup.R. 40, which provides for counsel fees, states:

{¶ 45} "(A) Attorney fees relative to all matters shall be governed by the Code of Professional Responsibility, DR 2–106.

{¶ 46} "* * *

{¶ 47} "(H) The court does not have, nor is there recognized, any minimum or maximum fees which will automatically be approved by the Court. Prior to a fiduciary entering into a contingent fee contract with an attorney for services, an application for authority to enter into the agreement shall be filed with the Court."

{¶ 48} The court notes that effective February 1, 2007, the disciplinary rules that were in effect in Ohio have been superseded by the Ohio Rules of Professional conduct. However, DR 2–106 and Rule 1.5(A) of the Ohio Rules of Professional Conduct are analogous and provide as follows:

{¶ 49} "(a) A lawyer shall not make an agreement for, charge, or collect an illegal or clearly excessive fee. A fee is clearly excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. The factors to be considered in determining the reasonableness of a fee include the following:

{¶ 50} "(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

{¶ 51} "(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

{¶ 52} "(3) the fee customarily charged in the locality for similar legal services;

{¶ 53} "(4) the amount involved and the results obtained;

{¶ 54} "(5) the time limitations imposed by the client or by the circumstances;

{¶ 55} "(6) the nature and length of the professional relationship with the client;

{¶ 56} "(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

{¶ 57} "(8) whether the fee is fixed or contingent" (Emphasis omitted.) (Ohio Rule of Professional Conduct 1.5(A)).

{¶ 58} During the February 6, 2007 hearing, wherein the probate court was reconsidering appellant's attorney fees and reviewing the fees under DR 2–106, attorney Hardin, one of the attorneys representing the new executor of the estate, stated that they were raising no issues with factors one, two, three, four, five, seven, and eight and further stated that they were stipulating that those factors were satisfied. Hardin further stated:

{¶ 59} "I agree that these are difficult cases, I agree that this is an excellent outcome, I agree that these cases are often handled on a contingent basis.

{¶ 60} "We do however have an issue as to the nature of the attorney/client relationship in the handling of this claim and also in, and in particularly, in the

probating of this claim. And we believe that there are substantial issues as to the conflicting nature of the relationship in the handling of this claim and we intend to elicit evidence suggesting that as a result of that, the fee needs to be reduced or otherwise reallocated because we feel that the interests of the beneficiary of my client's trust were not adequately served or were served at all in connection with this matter. So for that reason, we do object on that factor. But we are willing to stipulate as to the other, other factors."

{¶ 61} The instant case involved a contingent-fee agreement. Contingent-fee arrangements are generally permitted in civil cases. *Mueller v. Vandalia* (Mar. 31, 1999), 2d Dist. No. 17285, 1999 WL 197971. By choosing a contingent-fee arrangement, as opposed to an hourly-fee arrangement, a client reduces the risk to himself that is involved in litigation. As stated by the 6th District Court in *Landis v. Grange Mut. Ins. Co.* (Feb. 21, 1997), 6th Dist No. E–96–034, 1997 WL 77546:

{¶ 62} "Contingency fee agreements serve an important function in American life. Such agreements permit persons of ordinary means access to a legal system which can sometimes demand extraordinary expense. *Central Trust Co. v. Warburg* (1995), 104 Ohio App.3d 186, 190 [661 N.E.2d 275]. The mechanism by which this is accomplished is a contract between client and attorney whereby some or all of the risk involved in litigation is shifted to the attorney. The *quid pro quo* for relieving the client of this risk is that the agreement normally calls for the attorney to receive a percentage of any possible recovery. This would result, generally, in a somewhat greater compensation than the attorney might ordinarily receive. * * * To be sure, the contingency percentage is an arbitrary figure but, like liquidated damages in other contracts, is proper because it is a bargained for result."

{¶ 63} As in the instant case, the fee is typically a third of the total recovery. *Landis,* 6th Dist. No. E–96–034, 1997 WL 77546, at fn. 5.

{¶ 64} A probate court is not bound by a prior agreement of the parties and may, in fact, when necessary, alter and reduce a contingent-fee agreement. *In re Estate of York* (1999), 133 Ohio App.3d 234, 243, 727 N.E.2d 607. The payment of reasonable attorney fees lies within the sound discretion of the probate court. *In re Estate of Fugate* (1993), 86 Ohio App.3d 293, 298, 620 N.E.2d 966. An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law. *In re Keller* (1989), 65 Ohio App.3d 650, 655, 584 N.E.2d 1312. Thus, the decision of the probate court must be based upon evidence of the actual services performed by the attorneys and upon the reasonable value of those services. *Id.*

{¶ 65} After reviewing the record, we find that the court abused its discretion in disregarding the contingent-fee agreement and reducing the payment of any attorney fees.

{¶ 66} Initially, at the request of the probate court, appellant Amer Cunningham presented the probate court with a copy of the contingent-fee agreement for legal services signed by Doris Johnson and Dennis A. Johnson Sr., for "any and all claims for injuries and damages sustained as a result of an accident that occurred on or about the 1st day of September, 1998." This document appears to have been executed on August 7, 1999, and agrees to pay the attorneys 33 1/3 percent of all moneys recovered on their behalf.

{¶ 67} By judgment entry dated August 20, 1999, the probate court approved that contingency-fee agreement.

{¶ 68} By entry dated December 31, 2001, the probate court approved the settlement and distribution of wrongful-death and survival claims that specifically included ordered payment of "$233,333.34 for attorney fees rendered with respect to the wrongful death and survival claims."

{¶ 69} In its March 27, 2007 entry on the redetermination of attorney fees, the trial court determined that Amer Cunningham breached their fiduciary duty to Dennis Lee and that Amer Cunningham's fee should be reduced due to a failure of essential services.

{¶ 70} Upon review of the hearing transcript and the trial court's entry, it appears that the reduction was based on the actions of Doris after such settlement funds were distributed. While this court is sympathetic to the situation of Dennis Lee and the fact that any funds once held by Doris and Dennis Alan are long gone, we cannot find justification for the probate court's decision to solve that financial problem by ordering Amer Cunningham to return its fee, which had already been approved by the court, based on their failure to predict future occurrences.

{¶ 71} Accordingly, appellant's first, second, and third assignments of error are sustained.

## IV, V, VI

{¶ 72} We shall address appellant's fourth, fifth, and six assignment of error, as they all assign error to the trial court's consideration and granting of Appellee's Civ.R. 60(B) motion for relief from judgment.

{¶ 73} Initially, we find that appellant Amer Cunningham does not have standing to challenge the trial court's decision on the Civ.R. 60(B) motion/complaint for declaratory judgment.

{¶ 74} "Unless a person is a party in the lower court case, the individual has no standing to appeal. See Whiteside, Ohio Appellate Practice (1996 Edition) 30, Section 1.27." *In re Stanley* (Oct. 11, 2000), Summit App. Nos. 20128, 20131, and 20132, 2000 WL 1507917. "Ordinarily, in order to have the right to appeal, one must either have been a party to the case in the trial court or have attempted to intervene as a party. A person not a party to an action has no right of direct appeal from an adjudication." Painter and Dennis, Ohio Appellate Practice (2007 Ed.) Section 1:27. Thus, a person who is not a party to an action and has not attempted to intervene as a party lacks standing to appeal. *In re Addington* (July 31, 1995), Scioto App. No. 94CA2271, 1995 WL 461471, citing *State ex rel. Jones v. Wilson* (1976), 48 Ohio St.2d 349, 2 O.O.3d 471, 358 N.E.2d 605; *State ex rel. Lipson v. Hunter* (1965), 2 Ohio St.2d 225, 31 O.O.2d 453, 208 N.E.2d 133. Merely appearing in an action and making a statement does not make one a party who can appeal. *Addington,* citing *In re Estate of Landrum* (Jan. 31, 1991), Ross App. No. 1645, 1991 WL 13738. Being allowed to appear in an action and to submit a brief in the trial court likewise does not give a person a right to appeal. *Cincinnati v. Kellogg* (1950), 153 Ohio St. 291, 41 O.O. 293, 91 N.E.2d 505; *In re McAuley* (1979), 63 Ohio App.2d 5, 17 O.O.3d 222, 408 N.E.2d 697.

{¶ 75} In the instant case, the only interest appellant Amer Cunningham has is its contingent attorney fee. As we have already found that the trial court should not have reduced those fees, we find that any interest appellant may have arguably had is moot based on our previous ruling.

{¶ 76} Appellant's fourth, fifth, and sixth assignments of error are overruled.

## VII

{¶ 77} In appellant's seventh and final assignment of error, appellant argues that the trial court erred in determining that its attorney fees should not have been paid out of the trust set up for the support of Dennis Lee. We disagree.

{¶ 78} Appellant argues that it was proper for Doris to pay Amer Cunningham's legal fees incurred in the defense of the declaratory judgment from the Dennis Lee Johnson Trust because she was sued in her capacity as a trustee.

{¶ 79} Appellant is correct in its assertion that Ohio law is clear that a trustee may expend trust funds for legal services that benefit the trust. However, in the instant action, that being one of an action for fraud and misappropriation of funds against Doris personally, only Doris stood to benefit from the payment of her legal fees from the trust funds. Payment of those fees produced no benefit to the trust itself; instead, it served only to further deplete the trust assets. Thus, we cannot find that the probate court abused its discretion in ordering that Amer

Cunningham repay to the trust those fees expended from the trust in payment of attorney fees expended to pursue such an action.

{¶ 80} It should be noted that this court is in no way stating that Amer Cunningham did not earn or is not owed such legal fees from Doris personally.

{¶ 81} Appellant's seventh assignment of error is overruled.

{¶ 82} The judgment of the Court of Common Pleas, Probate Division, Tuscarawas County, Ohio, is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part.

GWIN, P.J., and FARMER, J., concur.